## STINEHOUSE *v.* THE STATE.

CRIMINAL LAW.—*Indictment.*—*Seduction.*—An indictment for seduction, charging that the seduction was "by means of a promise of marriage," instead of using the words of the statute, "under a promise," etc., is good.

SAME.—*Evidence.*—*Cross-Examination.*—On the trial of a defendant on an indictment for seduction under a promise of marriage, witnesses who have testified, on behalf of the prosecution, that the defendant kept company with the female alleged to have been seduced, and that they walked and rode together a few times, may be cross-examined by the defendant for the purpose of proving that at the same time other men kept company with her in like manner.

From the Clinton Circuit Court.

*R. P. Davidson, J. C. Davidson,* and *W. H. Thompson,* for appellant.

*J. C. Denny,* Attorney General, for the State.

OSBORN, J.—The appellant was indicted for seduction. He moved the court to quash the indictment, which motion was overruled. He then pleaded not guilty, and the case was tried by a jury, who returned a verdict of guilty, and fixing the punishment, and, over a motion for a new trial, judgment was pronounced against him on the verdict. Proper exceptions were taken to the several rulings of the court. The errors assigned bring before us the correctness of these rulings.

It is claimed that the indictment should have been quashed because it alleged that the seduction was "by means of a promise of marriage," instead of using the words of the statute, "under a promise," etc. We do not think there is any substantial difference in the meaning of the two expressions. The motion to quash was correctly overruled.

On the trial, the girl alleged to have been seduced testified to the seduction under promise of marriage. Her father and mother were then sworn as witnesses, and, among other things, testified that the appellant boarded with them a short

time, and that he " kept company " with the girl, and that they walked and rode out together a few times. The appellant offered to prove by their cross-examination, that while he was boarding with them, and at the time when he was keeping company with the girl, as they had testified in chief, other men were boarding there, who also kept company with her in like manner, which the court refused, and the evidence was excluded on the ground that it was not cross-examination.

The facts offered to be proved were connected with the matters stated in the direct examination of the witnesses. While a party cannot introduce his own case to the jury by a cross-examination of the witnesses of his adversary, he may cross-examine a witness as to facts and circumstances connected with the matters stated in his direct examination. 1 Greenl. Ev., sec. 445 ; *Hartness* v. *Boyd*, 5 Wend. 563. The facts stated by the witnesses in their direct examination were introduced to corroborate the testimony of the girl and as tending to show that a promise of marriage had been made by the appellant. The object of the cross-examination was to overthrow or weaken the effect of the evidence. For that purpose it was proper, and the court erred in refusing to allow it. We cannot tell how much weight it would have had with the jury, but we can see that it might have had some, and as we understand the evidence, after a pretty careful examination of it, very little would have satisfied the jury that the appellant was entitled to an acquittal. Indeed, we are very strongly inclined to think that the verdict is not sustained by the evidence. But as the judgment must be reversed for the reasons already stated, it will be unnecessary to extend this opinion by a review of the evidence.

The judgment of the said Clinton Circuit Court is reversed. The cause is remanded, with instructions to that court to grant a new trial, and for further proceedings in accordance with this opinion ; and the clerk is directed to certify to the warden of the state prison north to return the prisoner to the jail of Clinton county.