Hinkle v. State.

---

## HINKLE v. THE STATE.

[No. 19,654. Filed October 4, 1901.]

CRIMINAL LAW.—*Indictment.*—*Seduction.*—An indictment for seduction stating all of the elements of the crime as defined in the statute is sufficient. *p. 239.*

Hinkle *v.* State.

SEDUCTION.—*Promise of Marriage by Married Man.*—In a prosecution under §2078 Burns 1901 for seduction, an instruction that if the prosecuting witness, at the time of defendant's alleged promise to marry her under which she was seduced, knew that defendant was a married man and living with his family, the jury should acquit, was proper, where there was evidence to which the instruction was applicable. *p. 239.*

TRIAL. — *Impeachment.* — *Criminal Law.* — *Seduction.* —Where in a prosecution for seduction defendant's wife testified that some days prior to the date of the alleged seduction she met the prosecuting witness on the street with her husband and told her that the man she was with was her husband, and that she wanted her to let him alone, and the State's attorneys asked her if she had not told a certain person that her husband had run away, leaving her without a cent, and if a certain neighbor had not brought her provisions to keep her from starving while her husband was away with prosecuting witness, the State was bound by her answers in the negative, and the matters inquired about being collateral, the witness could not be impeached thereon. *p. 239.*

·SEDUCTION.— *Corroborating Evidence.*— *Instruction.*— Under §1876 Burns 1901, that in prosecutions for seduction "the evidence of the female must be corroborated to the extent required as to the principal witness in cases of perjury," an instruction that if the jury believed beyond a reasonable doubt that defendant had carnal and illicit intercourse with the prosecuting witness, a female of good repute for chastity, less than twenty-one years old, under promise of marriage which she had good reason to rely on, they should find defendant guilty as charged, was reversible error, since the jury might have found that all the facts on which conviction was conditioned were proved beyond a reasonable doubt by the unsupported testimony of the prosecuting witness. *p. 240.*

From Marion Criminal Court; *Fremont Alford,* Judge.

Samuel Hinkle was convicted of seduction and appeals. *Reversed.*

*J. O. Spahr,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,* for State.

BAKER, J.—Appellant was convicted of seduction. He assigns that the court erred in overruling his motions for a new trial and in arrest of judgment.

The indictment stated all the elements of the crime as defined in the statute, §2078 Burns 1901, §1992 R. S. 1881 and Horner 1897. This was sufficient. *State* v. *Stogdel,* 13 Ind. 565; *Stinehouse* v. *State,* 47 Ind. 17; *Callahan* v. *State,* 63 Ind. 198, 30 Am. Rep. 211; 19 Ency. Pl. & Pr. 415; Gillett's Crim. Law, §741.

The court refused to give an instruction, prepared by appellant, that if the prosecuting witness, at the time of appellant's alleged promise to marry her under which she was seduced, knew that appellant was a married man and living with his family, the jury should acquit. There was evidence to which the instruction was applicable; and the offered instruction correctly stated the law. *Callahan* v. *State,* 63 Ind. 198. If a maiden yields her chastity to one whom she knows to be married, it is apparent that she is not deceived by means of a promise of marriage. The court, however, covered this subject in its instructions. There is some confusion in phraseology, but we believe that the jury could not have failed to get a correct understanding of the law on this point.

Appellant's wife, as a witness in his behalf, testified that some days prior to the date of the alleged seduction she met her husband with the prosecuting witness on the street and told her that the man she was with was her husband and that she wanted her to let him alone. The jury evidently did not believe Mrs. Hinkle. On cross-examination the State's attorney asked her if she had not told Timothy Splann that her husband had run away and left her without a cent, and also if a neighbor, Mrs. Crossley, had not brought her provisions to keep her from starving while her husband was away with the prosecuting witness. The matters inquired about were purely collateral. The questions were permissible on cross-examination for the purpose of showing, if possible, a change in attitude of Mrs. Hinkle to appellant and thus affecting her credibility; but the State was bound by her answers in the negative. The court, however,

on rebuttal permitted the State, over appellant's objection, to contradict Mrs. Hinkle on these collateral matters. A witness may not be so impeached. The statute points out the only way. *Stalcup* v. *State,* 146 Ind. 270. The error was very prejudicial, because it must be taken that the jury would have acquitted appellant if they had believed Mrs. Hinkle's testimony.

Appellant excepted to an instruction in which the court charged the jury that, if they believed beyond a reasonable doubt that appellant, on or about December 25, 1900, at Marion county, Indiana, had illicit carnal intercourse with the prosecuting witness, a female of good repute for chastity, less than twenty-one years old, under a promise of marriage which she had good reason to rely on, they should find the defendant guilty as charged. The statute provides that in prosecutions for seduction "the evidence of the female must be corroborated to the extent required as to the principal witness in cases of perjury". §1876 Burns 1901, §1807 R. S. 1881 and Horner 1897. Under the instruction given, the jury may have found that all the facts on which conviction was conditioned were proved beyond a reasonable doubt by the unsupported testimony of the prosecuting witness. A conviction on such evidence alone is illegal, and the instruction was therefore harmful.

Some other questions, relating to the sufficiency and admissibility of evidence, are presented; but as they are not likely to arise on another trial, it is unnecessary to consider them.

Judgment reversed, with directions to sustain the motion for a new trial.