ROCK *v.* STATE OF INDIANA.

[No. 22,861. Filed November 23, 1915. Rehearing denied June 7, 1916.]

1. CRIMINAL LAW.—*Appeal.*—*Harmless Error.*—*Overruling Challenge of Juror.*—Error, if any, predicated on the action of the trial court in overruling a challenge of a juror for cause, was harmless where the defendant had not exhausted his peremptory challenges. p. 53.

2. CRIMINAL LAW.—*Appeal.*—*Record.*—*Matters Presented for Review.*—An assignment of error that the trial court erred in per-

mitting witnesses to be interrogated concerning certain facts presents no question for review by the appellate tribunal, where the record fails to show what answers were given or that the questions were even answered.   p.-53.

3.   CRIMINAL LAW.—*Witnesses.*—*Evidence.*—*Cross-examination of Defendant.*—*Impeachment.*—Where, in a prosecution for keeping a blind tiger, the defendant on cross-examination denied that he had been convicted some three years before on a charge of maintaining a nuisance, it was error for the trial court to permit the state to offer in evidence the record of the indictment for such offense and the judgment of conviction in the trial thereon, since, while the trial court may in its discretion permit a defendant in a criminal case to be interrogated on cross-examination, as to specific, extraneous offenses and conduct tending to degrade him for the purpose of impairing his credibility, the party propounding the interrogatory is bound by the answer the witness gives, and will not be permitted to introduce contradictory substantive evidence which does not relate to the charges in the trial or which has no probative value in establishing the facts involved within the issues.   pp. 54,55.

4.   CRIMINAL LAW.—*Evidence.*—*Other Offenses.*—*Intent or Motive.*— Evidence of other offenses is competent to prove intent where it is the gravamen of the offense charged, but in a prosecution for unlawfully keeping a place where intoxicating liquors are sold or given away intent need not be shown, as it will be inferred from the act.   p. 55.

5.   CRIMINAL LAW.—*Appeal.*—*Improper Evidence.*—*Presumption.*— Where improper evidence has been admitted, it will be presumed to be harmful, unless the contrary is made to appear.   p. 55.

From Lawrence Circuit Court; *Oren O. Swails,* Judge.

Prosecution by the State of Indiana against Tony Rock. From a judgment of conviction, the defendant appeals.   *Reversed.*

*Robert L. Mellen* and *Simpson B. Lowe,* for appellant.

*Richard M. Milburn* and *Evan B. Stotsenburg,* Attorneys-General, *Marshall Woolery, Horace M. Kean, Leslie R. Naftzger, Michael A. Sweeney* and *Wilbur T. Gruber,* for the State.

ERWIN, J.—Appellant was convicted of the offense of keeping what is known as a "blind tiger,"

in violation of §8351 Burns 1908 (§8351 Burns 1914, Acts 1907 p. 689). The affidavit under which appellant was placed on trial, omitting the formal parts, reads as follows: "That at the county of Lawrence and State of Indiana, one Tony Rock of said county and state, did then and there unlawfully keep, run and operate a place where intoxicating liquors were sold, bartered and given away in violation of the laws of this state." Trial was had by jury, and resulted in conviction, and the penalty assessed was a fine of $150 and fifty days in jail. The error assigned, and not waived, is the overruling of the motion for a new trial.

It is insisted by appellant that the court erred in overruling his challenge for cause of a certain juror.

1. The record in this case fails to show that appellant had availed himself of any peremptory challenges, and if it be conceded that the failure to sustain his challenge for cause was error, it is not available, unless it be shown that he had exhausted his peremptory challenges. *Voght* v. *State* (1895), 145 Ind. 12, 19, 43 N. E. 1049; *Siberry* v. *State* (1897), 149 Ind. 684, 703, 39 N. E. 936, 47 N. E. 458; *Woods* v. *State* (1893), 134 Ind. 35, 33 N. E. 901.

Appellant insists that the court erred in permitting certain witnesses to testify regarding a transaction and conversation had at a time when some liquor was bought in his place of business, and at a time when it was not shown that appellant was present. It is not shown what answers were given or that the questions were answered at all.

2. This presents no question for review. Appellant testified in his own behalf and on cross-examination was asked if he had not been arrested, some three years before, on a charge of maintaining a nuisance, in that he had kept a

place wherein intoxicating liquors were sold to a great number of persons who became intoxicated and went upon the street and talked in a loud manner and indulged in profane language, and that he entered a plea of guilty to the charge and was fined five dollars. To this question appellant interposed an objection, which was overruled by the court, and appellant answered, "No, sir; I did not." On rebuttal the state offered, over the objection of appellant, a record of the indictment returned by the grand jury of Lawrence county, charging appellant with the offense of maintaining a nuisance on September 28, 1911, at said county, together with a finding and judgment of conviction, assessing a fine of five dollars and the costs of prosecution. Appellant contends that this was error, and in this we concur. It was said by this court in *Dunn* v. *State* (1903), 162 Ind. 174, 70 N. E. 521:

3. "The law will not permit the State to depart from the issue, and introduce evidence of other extraneous offenses of misconduct that have no natural connection with the pending charge, and which are calculated to prejudice the accused in his defense"—citing a number of cases. It was said further in the same case: "It is a rule as old as the law itself, subject to numerous exceptions, * * * that substantive evidence in both civil and criminal cases must be confined to the facts embraced within the issues joined, and that no such evidence is competent that does not form a link in the chain of proof which naturally and reasonably tends to establish some material fact in the case as made between the parties. It is equally well settled that the court may in its discretion permit a witness on cross-examination, including a defendant in a criminal case, to be interrogated as to specific, extraneous offenses and conduct calculated to

degrade him, and thus impair his credibility as a witness. But in every such case the party propounding the interrogatory is bound by the answer the witness gives, and will not be permitted to introduce substantive evidence to contradict it." *Dunn* v. *State, supra; Hinkle* v. *State* (1901), 157 Ind. 237, 61 N. E. 196; *Stalcup* v. *State* (1896), 146 Ind. 270, 275, 45 N. E. 334; *Ford* v. *State* (1887), 112 Ind. 373, 384, 14 N. E. 241. Gillett, Indirect and Collat. Ev. §91. This rule has been adhered to by this court in later cases. *Porter* v. *State* (1909), 173 Ind. 694, 703, 91 N. E. 340, *Miller* v. *State* (1910), 174 Ind. 255, 261, 91 N. E. 930.

It is insisted by appellee that this evidence is competent to show intent or motive on the part of appellant. This is the rule where the intent with which the act is committed constitutes the gravamen of the offense. *Greer* v. *State* (1876), 53 Ind. 420. But in a charge of the unlawful keeping of a place where intoxicating liquors are sold or given away, intent will be inferred from the act and no intent need be shown. *Hood* v. *State* (1877), 56 Ind. 263, 275, 26 Am. Rep. 21; *Marmont* v. *State* (1874), 48 Ind. 21, 31. Under any view we may take of the evidence, its admission was erroneous. Where improper evidence has been interposed, it will be presumed to be harmful, unless the contrary is made to appear. *Miller* v. *State, supra; Porter* v. *State, supra.*

By reason of the error in admitting the record of conviction for nuisance, the judgment is reversed.

NOTE.—Reported in 110 N. E. 212. See under (1) 12 Cyc 917; 24 Cyc 326. Admissibility of evidence of other crimes, note, 62 L. R. A. 194; 105 Am. St. 977; 12 Cyc 405; 40 Cyc 2769, 2270.