## ROLLINS *v.* STATE.

### Opinion delivered September 25, 1916.

1. LIQUOR—ILLEGAL SALE—EVIDENCE—NARRATIVE OF EVENTS.—Appellant was indicted for the crime of selling liquor illegally; *held* testimony by a witness that he called at appellant's place, asking one W. there for whiskey, that W. replied that witness would have to wait for appellant, and that he bought whiskey from appellant a few moments later, was competent and admissible.

2. EVIDENCE—HEARSAY—ILLEGAL SALE OF LIQUOR.—In a prosecution for the illegal sale of liquor, testimony of a police officer that he went to appellant's place, where he found one W. who claimed to be the proprietor thereof, and that he arrested W. for keeping a disorderly house, is hearsay and inadmissible.

Appeal from Garland Circuit Court, *Scott Wood,* Judge; affirmed.

*C. Floyd Huff* for appellant.

*Wallace Davis,* Attorney General, and *Hamilton Moses,* Assistant, for appellee.

McCULLOCH, C. J. Appellant was convicted of the offense of selling intoxicating liquors in violation of the Act of the General Assembly of 1915, known as the State-Wide Prohibition Law (Acts, 1915, Act No. 30 p. 98). Two errors of the trial court are assigned in rulings upon the introduction of evidence.

Appellant formerly operated a saloon in the City of Hot Springs, but claims that he quit the business on January 1, 1916, when the State-Wide Prohibition Law went into effect, and that his former place of business was taken over by a man named Andrew Williams, who operated a cold drink stand there. The theory of the State is that appellant continued as the proprietor of the establishment and sold intoxicating liquors unlawfully, and that Williams was his bar-keeper. Several witnesses were introduced by the State who testified that they bought whiskey and other intoxicating drinks from appellant in person at his place of business, and that Williams was there acting as bar-keeper.

(1) The principal ground urged for reversal is that the court allowed witness Luke Wesson to testify

concerning a conversation with Williams in the absence of appellant. Wesson testified that he bought whiskey from appellant on several occasions, and that on one of the occasions when he went to the place appellant was absent, and when he asked Williams for whiskey the latter replied that he' (witness) would have to wait for Mr. Rollins. He further testified in the same connection that appellant came to the place in a few moments afterwards and sold him the whiskey. It is earnestly insisted that this testimony amounts to an admission on the part of Williams that whiskey was being sold there, and that it was inadmissible because it was made in the absence of appellant.

The statement of the witness was merely introductory of the transaction in which he purchased whiskey from appellant in person. It was a part of the narrative of the transaction which culminated in the purchase of the whiskey, and could not have been prejudicial for the reason that the jury must, in order to have reached a verdict of conviction, have believed the statement of the witness that he purchased the whiskey from appellant in person. If the testimony of the witness had not shown that Rollins came in shortly after the conversation with Williams, and sold him the whiskey, then a different question would arise as to the competency of that part of his testimony which relates to the statement of Williams; but since it is shown by his testimony that Rollins subsequently made the sale to him, we cannot see how the other testimony could have had any prejudicial effect.

(2) The other assignment relates to the refusal of the court to allow witness Dave Young, who was a police officer in Hot Springs, to testify that he went to the place of business in question and arrested Williams for running a disorderly house, and that Williams claimed to be the proprietor. Appellant testified that Williams was the proprietor and that he had nothing to do with the operation of the business, and that he had not sold any whiskey. It was one of the issues in the case whether the business was operated by Williams for himself or as

bar-tender for appellant, and the statements of Williams on that subject were incompetent, being merely hearsay testimony.

We are of the opinion, therefore, that the court did not commit any error in the trial of the cause.

Judgment affirmed.