KIRKLAND *v.* STATE OF INDIANA.

[No. 0-415.   Filed May 21, 1956.]

*Wardell Kirkland, pro se.*

LANDIS, J.—This is an original action in which petitioner has asked this court for permission to take a belated appeal from his conviction of armed robbery.

The verified petition states petitioner was tried by jury for the crime of armed robbery, resulting in his conviction on November 26, 1954; that he was sentenced to 10 years' imprisonment in the Indiana State Prison; that on December 16, 1954, petitioner, by counsel, filed his motion for new trial which was denied by the trial court on February 7, 1955.

Petitioner contends that thereafter he was informed by his trial counsel that an appeal would be immediately perfected in his behalf, but such allegation is denied by the State's answer and the affidavit of petitioner's trial counsel. Petitioner says he was left without the services of counsel and that he lost the opportunity of appealing from the Delaware Circuit Court; that petitioner was ignorant of the fact there was a public defender of the State of Indiana until informed by his mother, who had conferred with said public defender; that it is impossible for petitioner to perfect his appeal within 90 days of the overruling of the motion for new trial. Petitioner says he has a "good and meritorious cause of action" existing as to the charge of armed robbery.

Petitioner has attached the affidavit of his mother that petitioner's trial counsel did state he had informed petitioner that an appeal had been taken to the Supreme Court, which allegation is denied by the affidavit of petitioner's trial counsel.

Petitioner further contends he has made a prima facie showing of merit, viz: that the trial court erred in overruling the motion for new trial by "eluding the

dominant and controlling constitutional questions," without saying what such constitutional questions are, except that they are raised in the motion for new trial.

The motion for new trial allegedly set forth that manifest error was committed when the jury, after returning a defective verdict, retired to the jury room for further deliberation, having only one form of verdict when they were required to consider all forms of verdict. The State of Indiana has attached the affidavit of the trial judge to the effect that the jury retired originally to the jury room with the three proper forms of verdict; that after deliberating they returned into open court with a signed verdict finding petitioner guilty of robbery, but fixing an indeterminate period of 10-20 years' imprisonment instead of a determinate period required by law; that the trial judge instructed the jury the term of imprisonment on the verdict would have to be for a definite term, and the jury then retired with said form of verdict and later returned into open court with the verdict prescribing said determinate sentence of ten years.

The Indiana statute providing for belated appeals permits "for good cause shown . . . . appeals from a judgment of conviction after the original time for taking an appeal has elapsed."[1] Delayed appeals have also been granted independently of the statute; but in any event before a belated appeal can be granted, sufficient cause must be shown to excuse the delay, and there must be a prima facie showing of merit to the appeal. As stated by Emmert, Judge, in *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 106

---

[1] Acts 1947, ch. 189, §5, p. 625, being §9-3305, Burns' 1942 Repl. 1953 Cum. Supp.

N. E. 2d 911: "If a different rule prevailed every prisoner could prosecute a delayed appeal without cause or merit." See also *Enlow et al.* v. *State* (1956), 235 Ind. 697, 131 N. E. 2d 466.

We shall now consider whether petitioner has made a sufficient showing of prima facie merit to this appeal.

Does it appear that serious constitutional questions are presented by the failure of the court to provide the jury with all the forms of verdict when they retired to the jury room a second time to consider their faulty verdict?

It is the settled law that it is the duty of the trial court before discharging a jury to examine the verdict and if found to be irregular, to instruct the jury further as to the proper form of verdict. *Moore* v. *State* (1947), 225 Ind. 357, 75 N. E. 2d 193; *Limeberry* v. *State* (1945), 223 Ind. 622, 63 N. E. 2d 697.

This court has previously held that when the jury was permitted to retire without sufficient forms of verdict, the number of forms of verdict submitted to the jury can not be considered as reversible error where the record does not show that the accused tendered or requested any other forms. *Bowman* v. *State* (1934), 207 Ind. 358, 192 N. E. 755.

An examination of the petition filed herein fails to disclose any contention that additional forms of verdict were requested by petitioner or his counsel at the time the jury first retired with three forms of verdict, or at the time they later retired to correct their faulty verdict. We are unable, therefore, to see how petitioner can now complain of any error in the respect contended.

As petitioner has failed to furnish this court with a

prima facie showing of merit to the belated appeal which he has petitioned for, the same is hereby denied.

Bobbitt, C. J., and Achor, Arterburn and Emmert, JJ. concur.

NOTE.—Reported in 134 N. E. 2d 223.