SUTTON ET AL. *v.* STATE OF INDIANA.

[No. 0–487. Filed October 25, 1957.]

*Paul and Robert Sutton, pro se.*

PER CURIAM—On August 26, 1957, appellants filed in this court, *pro se,* a petition entitled, "Belated Appeal From the Grant County Circuit Court."

It appears from the petition that sometime prior to May 1st, 1957, the petitioners were tried by a jury in the Grant Circuit Court and found guilty; that they were represented by a court appointed lawyer who filed a motion for a new trial, which was overruled on May 1, 1957. Apparently no appeal was taken from this judgment.

If the petition herein is to be considered as one for an order of the Supreme Court authorizing them to

take a belated appeal, one of the essentials for ■ granting such a petition is that it state a *prima facie* case showing merit in the proposed appeal. *Kirkland* v. *State* (1956), 235 Ind. 450, 452, 134 N. E. 2d 223; *Miller* v. *State* (1957), 236 Ind. 704, 142 N. E. 2d. 432; *Enlow, Parker* v. *State* (1956), 235 Ind. 697, 131 N. E. 2d 466.

The petition fails to show in what manner the verdict of the jury is contrary to law, except that the court committed error in permitting a juror to sit after ■ he was challenged, and that the court committed error in admitting the tape recording of defendant-Paul Sutton's confession.

The challenge to the juror was based upon the allegation ". . . that said juror had a conversation with a key witness who claims that he saw a 12 year old girl forced into a car containing the appellants [petitioners] herein." It must be presumed that said juror was challenged for cause as provided in subsection two of Acts 1905, ch. 169, §230, p. 584, being §9-1504, second, Burns' 1956 Replacement.

Appellants have failed to show that their peremptory challenges had been exhausted at the time the juror was challenged for cause, and in such case the alleged error, if any, is waived. *Rock* v. *State* (1916), 185 Ind. 51, 53, 110 N. E. 212.

The next and only other error assigned is based upon the alleged error of the trial court in admitting in evidence, over the objection of the petitioner-■ Paul Sutton, a tape recording of an oral confession made in the prosecutor's presence.

It is generally recognized that a sound recording of a confession is admissible in evidence upon proper identification and authentication. *State* v. *Perkins*

(1947), 355 Mo. 851, 198 S. W. 2d 704, 168 A. L. R. 920; 168 A. L. R. Anno. 927; 22 C. J. S., Criminal Law, §731, p. 1249.

This court has held that voluntary admissions made by an accused are admissible in evidence. *Rohlfing* v. *State* (1952), 230 Ind. 236, 244, 102 N. E. 2d 199.

These allegations are insufficient to show any merit in the proposed appeal.

The petitioners also request the Supreme Court to make an order directed to the Clerk of the Grant Circuit Court to prepare a transcript of all pleadings and entries made in the trial of their case, for the use of petitioners to prepare their brief.

Since the State has created the office of Public Defender to represent pauper prisoners after the regular time for appeal has expired, their record must be obtained through the Public Defender as prescribed by statute. *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 106 N. E. 2d 911; *Hamilton* v. *Baker, Judge, etc.* (1955), 234 Ind. 283, 126 N. E. 2d 12 (Cert. denied, 1955, 349 U. S. 968, 99 L. Ed. 1289, 75 S. Ct. 904).

For the foregoing reasons, the petition to perfect a belated appeal and a request for a transcript of the record of the trial court is denied.

NOTE.—Reported in 145 N. E. 2d 425.