Charles Edward WILSON, Jr. *v.*
STATE of Arkansas

CR 76-169                                    545 S.W. 2d 636

Opinion delivered January 31, 1977
(Division II)

*Robert E. Irwin,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Terry R. Kirkpatrick,* Asst.
Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant was found guilty
of sale and possession for sale of marijuana. The only point
for reversal in this case is the assertion that the court erred in
excluding as hearsay appellant's testimony concerning an
alleged conversation between Jerry Hood, a confidential
police informer, and appellant. This testimony of appellant
was offered as evidence of entrapment. It was stricken when it
was shown that the police officer, a narcotics investigator,
with whom Hood had called on appellant in an effort to buy

drugs, and on whose testimony appellant was found guilty, was probably not close enough to Hood and the appellant at the time of the alleged sale to hear the conversation. Jerry Hood did not testify at the trial.

The state does not really defend this erroneous application of the hearsay rule, but attempts to justify the affirmance on the grounds that no proffer of the testimony was offered, that the testimony was hearsay because appellant was seeking to prove the truth of the matter stated and that, before appellant could testify, he must have first shown that Hood was unavailable to testify. We cannot agree with these ingenious arguments.

Appellant's defense was, in principal part, entrapment, but we know of no rule of law, and the state has cited no authority, which prevents one accused of this sort of crime from relating any statements of any persons participating in any attempt to purchase controlled substances from the accused when the statements are used as a basis of showing accused's intent to sell or deliver such a substance in his possession. All such conversations are material and relevant to a principal issue in the case. This is because the defendant's motive and state of mind are relevant to the question of intent. *Whiting* v. *U.S.*, 296 F. 2d 512 (1 Cir., 1961); *U.S.* v. *Hayes*, 477 F. 2d 868 (10 Cir., 1973). We note that similar evidence has been received in other cases, without objection. See, e.g., *Peters* v. *State*, 248 Ark. 134, 450 S.W. 2d 276; *Washington* v. *State*, 248 Ark. 318, 451 S.W. 2d 449.

Official solicitation, importunity, persuasion, deceitful representation and inducement constitute the very foundation of the defense of entrapment. *Peters* v. *State*, supra. We are readily aware of the fact that, in many cases, the only evidence available to establish the defense of entrapment is the defendant's own testimony. See Bailey & Rathblatt, Handling Narcotic and Drug Cases, § 263 p. 212. That Hood was assisting the police officer in the matter is conceded. The defendant's testimony about any conversation relevant to the transaction which the state's evidence tended to prove which would tend to show why he did what he did, was admissible.

The argument as to proffer is not well taken, because the

testimony as to the conversation had been thoroughly covered before the court granted the state's motion to strike it, after cross-examination revealed that the police officer probably did not hear the conversation.

Whenever a conversation constitutes a part of, or is introductory to, a transaction which is material and relevant to the principal issue, it is not hearsay. *Rollins* v. *State,* 125 Ark. 217, 188 S.W. 560; *Hinkle* v. *Lassiter,* 142 Ark. 223, 218 S.W. 825; *Cox* v. *State,* 160 Ark. 283, 254 S.W. 542. The question here was whether the statements were made, not whether they were true. When that is the case, the evidence is not hearsay, if otherwise relevant. *Nowlin* v. *State,* 252 Ark. 870, 481 S.W. 2d 320.

For error in striking the testimony of Wilson about Hood's statements, the judgment is reversed and the cause remanded.

We agree. HARRIS, C.J., and ROY and HICKMAN, JJ.