**Geraldine MORSE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 979S248.

Supreme Court of Indiana.

Dec. 23, 1980.
Rehearing Denied March 5, 1981.

Nile Stanton, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was indicted for Murder. Ind.Code § 35–42–1–1 (Burns 1979). After trial by jury she was convicted and sentenced to forty (40) years imprisonment. This direct appeal presents the following issues:

(1) Whether or not the trial court erred in denying the defendant's challenge of a juror for cause.

(2) Whether or not the trial court erred in admitting testimony into evidence over defendant's hearsay objection.

(3) Whether or not the trial court erred in allowing the State to question a witness regarding the defendant's reputation for peace and quietude.

(4) Whether or not the trial court erred in denying the defendant's motion for a mistrial based on the prosecutor's allegedly improper argument.

\*       \*       \*       \*       \*       \*

## ISSUE I

The defendant contends the trial court erred in failing to sustain her challenge of a juror for cause. She asserts that the juror had formed and expressed an opinion as to guilt or innocence, Ind.Code § 35–1–30–4(2) (Burns 1979), and was biased. Ind.Code § 35–1–30–4(11) (Burns 1979).

■  To preserve this alleged error the defendant bears the burden of demonstrating that at the time she challenged the juror for cause, she had exhausted her peremptory challenges. *Sutton v. State*, (1957) 237 Ind. 305, 307, 145 N.E.2d 425, 426 (per curiam); *Rock v. State*, (1915) 185 Ind. 51, 53, 110 N.E. 212. She attempts to satisfy that burden in two ways. She urges us to adopt trial counsel's averment in the motion to correct errors that all peremptory challenges were used. This Court will not determine what occurred at trial based on statements contained in a motion. *Philips v. State*, (1930) 202 Ind. 181, 184, 172 N.E. 904, 905; *See Shank v. State*, (1915) 183 Ind. 298, 305, 108 N.E. 521, 524.

Defendant further urges us to infer from a complicated series of calculations, based on statements in the record, that all peremptories were used. However, she admits that the record of the voir dire is confusing upon this point. The remedy to eliminate such confusion is contained in Ind.R.App.P. 7.2(C), which the defendant has not invoked. The defendant has not preserved the alleged error.

■  Nevertheless, we find that the record does not support the defendant's claim of a prejudiced and biased juror.

Before being sworn, one juror approached the trial court with a request to be excused because she did not understand everything that was being said. The court permitted both sides to examine the juror in a hearing outside the presence of the other prospective jurors. At that hearing, the juror expressed reluctance at having to decide the fate of another person. She said that she understood that her judgment should be based on the testimony and evidence and that the thought of putting someone in

prison was not pleasant; however, she said that she would convict if she thought the defendant was guilty.

The defendant asserts that the juror compared a murder trial to a television "who done it." The record indicates that she referred to watching movies wherein she vacillated as to who was telling the truth and usually could not make up her mind. The defendant further asserts that the juror stated that she would have to guess about rendering a decision. It is somewhat unclear, however, it appears from the record, that the juror stated only that she might have to guess about the credibility of the witnesses.

The defendant's claim of bias is based on two statements by the juror. She was asked if she thought it possible that the defendant murdered her husband, and she responded, "Why else would she be here?" This is not an expression of bias.

The second statement was made during the following exchange:

"MR. SMOCK: Okay, but—the law says you are to presume she's innocent.

"JUROR: The law says that.

"MR. SMOCK: And can you do that?

"JUROR: Yeah, but—I mean—what I can't see is—they just wouldn't pick anybody and say—you know—you're guilty. I mean—she's got to have some reason of being guilty. I mean—her husband's dead—and they charge her with murder—I mean, there's a good chance she did it.

"MR. SMOCK: You mean a good chance she shot him or a good chance she murdered him?

"JUROR: Well, I don't know what she did. I mean—she might have took a knife to him. I don't know."

We have searched the record, and we find no instances where this juror expressed bias or an opinion on the case. *Frances v. State,* (1974) 262 Ind. 353, 356, 316 N.E.2d 364, 365–66; *Lewis v. State,* (1893) 137 Ind. 344, 350, 36 N.E. 1110–1112.

## ISSUE II

■ The State's theory of the case was that the defendant lured her ex–husband, Peter Morse, to her home where she shot him, by telling him that his adopted son, Jimmy, had tried to do something. The implication was that the "something" was to commit suicide.

The defendant had previously made a search for someone to kill the victim.

On the evening of the crime, her daughter made several harassing telephone calls to the victim's home. The substance of the calls was directed at Phyllis Sutherland, the woman with whom the victim was then living. The defendant claimed that, in response to those calls, the victim broke into her home intending to do bodily harm to the daughter, and that she shot him in self defense.

Over objection Phyllis Sutherland testified that at 1:15 a. m. on the day of the shooting, the victim answered the telephone in her presence. She heard him say, "Yes, I'll be right there." The victim hung up, turned around, and said, "Jimmy just tried to ..." According to the witness, he did not finish the sentence but put on his coat and shoes and left. The defendant contends that this testimony was inadmissible hearsay.

Hearsay is an out–of–court statement repeated in court to establish the truth of the matter contained therein. *Samuels v. State,* (1978) 267 Ind. 676, 678, 372 N.E.2d 1186, 1187.

The statements of the victim were not offered for the truth of the matters they contained. See *Roberts v. State,* (1978) 268 Ind. 348, 353, 375 N.E.2d 215, 219; *Collins v. State,* (1977) 266 Ind. 430, 433, 364 N.E.2d 750, 753. Rather, they were offered to show why the victim went to the defendant's home. They were indicative of a state of mind which circumstantially tended to controvert the claim of self defense. *See State v. Schmid,* (1973) 109 Ariz. 349, 355, 509 P.2d 619, 625 (admission of hearsay to show its effect on the hearer); *People v. Jones,* (1980) 84 Ill.App.3d 896, 898–99, 406 N.E.2d 112, 114–15, 40 Ill.Dec. 411 (hearsay

admissible to show victim's state of mind of intent to meet with the defendant);[1] *State v. Frazer,* (1978) Iowa, 267 N.W.2d 34, 37 (victim's statements offered to show circumstantially a connection between the victim and the defendant); *State v. Leonard,* (1976) Iowa, 243 N.W.2d 887, 890 (declarant's statements not hearsay where relevant circumstantial evidence necessary to complete the story of the crime charged); *State v. Herington,* (1973) Mo.App., 520 S.W.2d 697, 700 (victim's testimony about instructions received over the telephone admissible to show the call was made and formed the basis for the victim's subsequent actions); *Commonwealth v. Lowenberg,* (1978) 481 Pa. 244, 255, 392 A.2d 1274, 1278–79 (victim's statement that she wanted to see defendant about a financial matter admissible to show state of mind); *Commonwealth v. Riggins,* (1978) 478 Pa. 222, 233–34, 386 A.2d 520, 526 (victim's statement that defendant was coming to see her admissible to show state of mind of intent to remain at home and willingness to admit the defendant); *State v. Craft,* (1948) 131 W.Va. 195, 208, 47 S.E.2d 681, 688 (telephone conversation admissible to explain reason for witness' course of conduct thereafter). See also *Wilson v. State,* (1977) 261 Ark. 5, 6, 545 S.W.2d 636, 637 (conversation that is part of or introductory to a transaction which is material and relevant to the principal issue is not hearsay); *State v. Gholson,* (1976) Tex.Crim.App., 542 S.W.2d 395, 398, *cert. denied* (1977) 432 U.S. 911, 97 S.Ct. 2960, 53 L.Ed.2d 1084 (extrajudicial statement may be admitted as circumstantial evidence from which an inference may be drawn and not for the truth of the matter stated therein). *See generally State v. Smith,* (1979) 202 Neb. 501, 505–06, 276 N.W.2d 104, 108 (statements of declarant admissible to show state of mind, demeanor, and actions prior to shooting).

## ISSUE III

■ On rebuttal, the State asked a witness if he was aware of the defendant's reputation for peace and quietude. Defendant objected and moved for a mistrial. The trial court sustained the objection, denied the mistrial motion and admonished the jury to disregard the question. The defendant contends that the State jabbed an evidential harpoon at her. *White v. State,* (1971) 257 Ind. 64, 76, 272 N.E.2d 312, 319. She asserts that she was forced to object to a question intentionally and improperly asked, thus creating an implication that she had a bad reputation or something to hide.

Unless the contrary is shown, the admonishment is presumed to have cured the error. *French v. State,* (1977) 266 Ind. 276, 283–84, 362 N.E.2d 834, 839; *Carmon v. State,* (1976) 265 Ind. 1, 7, 349 N.E.2d 167, 171; *Martin v. State,* (1974) 261 Ind. 492, 494, 306 N.E.2d 93, 94.

The defendant asserts that the admonishment was insufficient, in light of prior prosecutorial indiscretions. However, she cites us to but one such alleged indiscretion, which is not asserted as error in this appeal.

Before the witness answered the question, the trial court sustained the objection and admonished the jury. The defendant has not shown that the admonishment was insufficient to cure the error. *French v. State, supra; Cooper v. State,* (1977) 265 Ind. 700, 704, 359 N.E.2d 532, 535; *Carmon v. State, supra.*

## ISSUE IV

■ In his final argument to the jury, the prosecutor stated:

"* * * it could well be—it could well be that your decision today will allow the people of the State of Indiana and the people of the City of Terre Haute—to have open seas—open season on irrant (sic) spouses—."

The defendant moved for a mistrial. The trial court denied the motion and admonished the prosecutor to refrain from that kind of argument.

---

1. *But see People v. Cole,* (1975) 29 Ill.App.3d 369, 372–74, 329 N.E.2d 880, 884–85 (refusing to adopt state of mind hearsay exception in criminal cases).

The denial of a motion for mistrial will be reversed only upon a showing of an abuse of discretion by the trial court. *Carmon v. State*, (1976) 265 Ind. 1, 7, 349 N.E.2d 167, 171; *Whitten v. State*, (1975) 263 Ind. 407, 412, 333 N.E.2d 86, 90. "Only if the statement is so prejudicial as to place the defendant in 'grave peril' must the case be reversed." *Phelps v. State,*, (1977) 266 Ind. 66, 71, 360 N.E.2d 191, 194, *cert. denied*, (1977) 434 U.S. 844, 98 S.Ct. 146, 54 L.Ed.2d 110. It is misconduct to ask the jury to find the accused guilty or to imply that their failure to do so will have grave consequences for the criminal justice system; however, we do not see that the improper argument subjected the defendant to grave peril that was not alleviated by the admonishment, and we find no error in the denial of the motion for a mistrial. *Warner v. State*, (1976) 265 Ind. 262, 265–66, 354 N.E.2d 178, 181.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.