Ernest Ray HICKERSON *v.* STATE of Arkansas

CR 83-160 667 S.W.2d 654

Supreme Court of Arkansas
Opinion delivered April 16, 1984

*Honey & Rogers,* for appellant.

*Steve Clark,* Atty. Gen., by: *Patricia G. Cherry,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Ernest Ray Hickerson was convicted in Howard County of rape, kidnapping and burglary. His convictions must be reversed because two statements made by him were taken by the authorities without the permission of his attorney, who only consented

to him being given a polygraph examination and not to his being interrogated. In addition, we find that there is no substantial evidence to support the conviction for burglary and order that charge dismissed. *Pollard* v. *State,* 264 Ark. 753, 574 S.W.2d 656 (1978); *Greene* v. *Massey,* 437 U.S. 19 (1978).

Hickerson was accused of kidnapping and raping a twelve year old girl who was visiting her mother's home in Nashville, Arkansas. According to the testimony of the girl, Hickerson came to the home after 10 p.m., entered through an unlocked door, and asked about her mother and sister, who she said were asleep. The victim said they talked about five minutes, and then Hickerson drew a gun, took her out to his car, and drove some distance where he raped her. Hickerson became a suspect when the sheriff's office received an anonymous call saying that the officer should investigate Hickerson and his mother's car. The car matched the description given by the victim. The police obtained permission to search the vehicle and found some incriminating evidence corroborating the statement of the victim. Hickerson went in for questioning, was given his rights, and admitted that he was in his mother's vehicle the night of the crime. Hickerson maintained that another person had borrowed the car for a period of time that night and that person had left for California. Hickerson was supposed to return the next day for further questioning but left the state and did not return for six months. In the meantime, he had been charged with rape, kidnapping and burglary. When he returned he had retained counsel. His counsel agreed with the sheriff to allow Hickerson to take a polygraph examination, without counsel present. Hickerson took the polygraph examination, and the Arkansas state policeman who administered the test said that afterwards Hickerson told him that he had had sexual intercourse with the girl. The policeman then advised him that he needed to tell the truth and "as long as he told the truth he would get more help from officers than he would if he lied." He took Hickerson to the sheriff's office where Hickerson was read his rights. Two statements were taken from Hickerson, one prepared by the officers and one in Hickerson's handwriting. The sheriff candidly conceded that he did not have

permission of counsel to interrogate Hickerson, only permission to give him a polygraph examination. The sheriff testified that he knew there was a difference between a polygraph examination and a statement because the results of a polygraph test are not admissible into evidence.

It is fundamental that if a defendant requests counsel, interrogation must stop immediately and all questioning must take place with counsel present. *Miranda* v. *Arizona,* 384 U.S. 436 (1966); *Michigan* v. *Mosley,* 423 U.S. 96 (1975). However, it is also true that a defendant may waive the right to counsel; and if the defendant initiates contact or conversation with authorities repudiating his previous request for counsel and unequivocally waives his right to counsel, then a voluntary statement may be taken from the defendant. *Brewer* v. *Williams,* 430 U.S. 387 (1976); *Edwards* v. *Arizona,* 451 U.S. 477 (1981). There is a heavy evidentiary burden on the state anytime a statement is taken while the defendant is in the custody of the authorities. See *Scroggins* v. *State,* 276 Ark. 177, 633 S.W.2d 33 (1982). Unless the waiver of counsel is clearly shown, the statement cannot stand. We are required on appeal to examine the totality of the circumstances to determine if such a waiver was made. *Fuller* v. *State,* 278 Ark. 450, 646 S.W.2d 700 (1983). In this case, there are two important facts which dictate our decision. First, the police officer's statement to Hickerson encouraging him to make a statement and advising him that it would help him. Second, the statement of the sheriff acknowledging the fact that in good faith, counsel had delivered Hickerson only for the purpose of taking a polygraph test and not for the purposes of taking a confession. Attorneys and police officers, who work in the judicial system must be able to trust each other. Their roles must be mutually respected. Otherwise, many cases, where a defendant has an attorney, could evolve into a swearing match between the accused and police officers. Under those circumstances, there is very little possibility that a defendant's statement would be believed. The circumstances of this case required the sheriff to call the attorney before the statement was taken. The evidence of waiver is not clear and convincing. We find that Hickerson's two statements were taken without a valid waiver of counsel and are, therefore,

involuntary and inadmissible.

We find no substantial evidence to support the conviction for burglary. The jury specifically found that Hickerson did not use a firearm. If the jury had found otherwise, there would be substantial evidence that Hickerson intended to commit a felony when he entered the house. However, the evidence is simply that Hickerson entered an unlocked house, apparently uninvited, and that he and the victim talked for some time before he committed any act. We cannot say that there is any fact which would support a finding that, at the time Hickerson entered the house, he intended to commit a felony. See Ark. Stat. Ann. § 41-2002 (Repl. 1977); *Washington* v. *State*, 268 Ark. 1117, 599 S.W.2d 408 (Ct. App. 1980).

Appellant also argues that if his conviction stands, it should be for one crime and not three, essentially arguing that Ark. Stat. Ann. §41-105 (Repl. 1977) prohibits punishment for one offense when it includes another offense. We have held before that a person can be convicted of both kidnapping and rape. *Conley* v. *State,* 270 Ark. 886, 607 S.W.2d 328 (1980); see also *Beed* v. *State,* 271 Ark. 526, 609 S.W.2d 898 (1980). Furthermore, it would have been possible in this case for circumstances to support a conviction for burglary if the facts had been present to support that separate crime. *Conley* v. *State, supra.* None of these crimes, rape, burglary or kidnapping, is necessarily a lesser included offense of the other. All involve separate elements, and it is not necessary to prove one offense in order to prove another, which is one of the tests in applying the statute. See *Akins* v. *State,* 278 Ark. 180, 644 S.W.2d 273 (1983). Furthermore, we do not find that this was one continuous offense under Ark. Stat. Ann. § 41-105 (1) (e) (Repl. 1977).

Appellant raises the issue of jurisdiction on appeal but did not raise it below. The victim testified that, as they were returning from a rural area to the town of Nashville, they passed the county line sign. This statement would not, in and of itself, void the conviction nor mean that Howard County would not have jurisdiction. First of all, Ark. Stat.

Ann. § 41-110 (Repl. 1977) provides that "the state is not required to prove jurisdiction or venue unless evidence is admitted that affirmatively shows the court lacks jurisdiction or venue." The evidence supported a finding that the victim was abducted in Howard County. We cannot say from this record positively where the rape occurred, since this was not an issue pursued below. Neither can we say from this record that Howard County did not have jurisdiction. See Ark. Stat. Ann. § 43-1414 (Repl. 1977), which covers jurisdiction for offenses or acts that have been committed partly in one county and partly in another.

Under Ark. Stat. Ann. § 43-2725 (Repl. 1977), as put into effect by our Rule 11 (f), we consider all objections brought to our attention in the abstracts and briefs in appeals from a sentence of life imprisonment or death. In this case we find no other prejudicial error in the points argued or in the other objections abstracted for review.

Reversed and remanded.