Willie Gene TREADWAY *v.* STATE of Arkansas

CR 85-119                                            700 S.W.2d 364

Supreme Court of Arkansas
Opinion delivered December 16, 1985

*William R. Simpson, Jr.*, Public Defender, *Arthur L. Allen*, Deputy Public Defender, by: *Carolyn P. Baker*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant, Willie Treadway, was charged with aggravated robbery and theft of property. The first trial ended in a hung jury. In the second trial the jury returned a verdict of guilty and appellant was sentenced under the habitual offender act to consecutive terms of thirty years and ten years in the Department of Correction. On appeal we affirm.

On August 5, 1984, Stinger Sam's Auto Parts on Roosevelt Road in Little Rock was robbed by a lone gunman. Willie Treadway was later identified as the robber in a lineup and at the trial by the store manager and a customer. A clerk who saw the gunman briefly as he came from the back of the store made only a tentative identification of Treadway in a lineup and was not asked to identify him at the trial. The manager and the customer were positive Willie Treadway was the man they saw.

Appellant's first two points of error concern the identity of an informant who called the police several times in response to a newspaper article concerning the robbery. The informant indicated he had seen the man who did it immediately after the

robbery, whom he named only as "Willie," and said the man claimed to have committed the robbery and had shown the informant the money. In the later conversations the informant said the last name was "possibly" Tidwell and he provided a license number, JNN 565, which eventually led to the arrest of Willie Treadway.

██ Appellant argues that the identity of the informant should have been disclosed. We disagree. Rule 509(a) of the Uniform Rules of Evidence gives the prosecution the privilege of refusing to disclose the identity of an informant except where the informant is a witness to the crime or participates in it. *Rovario* v. *United States*, 353 U.S. 53 (1957); *James* v. *State*, 280 Ark. 359, 658 S.W.2d 382 (1983). There is no merit to the argument that because the informant saw the money taken and was in contact with the robber soon after the crime an inference arises that he was a participant. There was no proof that more than one individual was involved and the fact that the informant may have gotten his information shortly after the event is not sufficient to strip away the protection the law wisely gives to informants not otherwise connected with the crime.

Appellant also submits he should have been permitted to call Officer Milton Porterfield to present information relevant to the identity of the gunman. Counsel for the appellant told the trial court Porterfield would testify there was a black male named Willie Tidwell who matched the description of the robber. When the trial judge offered to issue a subpoena to bring Willie Tidwell in so the witnesses could see whether he was the robber counsel declined, saying "No, Your Honor, all I am trying to do is show the information the police got that they acted on was suspect."

Doubtless the similarity of names created some confusion, but it is a fair assumption that the "Willie" the informant had in mind was Willie Treadway, rather than Willie Tidwell, since the license number he supplied matched up with Willie Treadway. Be that as it may, the ultimate issue is not whether the police acted on information that was "suspect" (they often pursue false leads) but whether in the end they have charged the right person, and appellant wanted to show not that the wrong man was charged, only that during the investigative stage another name was mentioned, avoiding at the same time the risk of proving the

alternative—that it was in fact Willie Treadway, not Willie Tidwell, who was seen in Stinger Sam's that day. Counsel sought to capitalize on the confusion of names, while stopping short of clarifying it. We don't suggest that that is not the proper role of defense counsel under our adversary system, but that is not the point here. The point is the trial judge saw that attempt to produce half a loaf as creating a trial within a trial. He ruled out the proffer as collateral and irrelevant to the issues being tried and we must decide whether that decision warrants yet a third trial.

■ We have said in a host of cases the trial courts must have considerable discretion in settling the innumerable evidentiary disputes where relevance is the heart of the matter and, hence, such rulings are reversed only where the trial judge abuses that discretion. *Smith* v. *State*, 282 Ark. 535, 669 S.W.2d 201 (1984), *Kellensworth* v. *State*, 278 Ark. 261, 644 S.W.2d 993 (1983). We find no abuse of discretion in this instance.

■ Next, appellant argues that the reliability of the in-court identification is so lacking the trial court erred in permitting the store manager and customer to identify Willie Treadway as the gunman. The factors to be considered in determining whether in-court identification is reliable are listed in *Fountain* v. *State*, 273 Ark. 457, 620 S.W.2d 936 (1981). They include the opportunity of the witness to see and observe the perpetrator at the crime, the witness's attention, the accuracy of the prior description given by the witness, the level of certainty demonstrated by the witness at the confrontation, the length of time between the crime and the confrontation, and other relevant circumstances.

■ Here the crime was committed in a lighted building during daylight hours, and the lineup was held three weeks later. The robber kept the lower part of his face concealed with a hand-towel, but the rest of his face and head were unprotected. We find no proof that the description given by the two witnesses after the crime was inconsistent with the description of the appellant. Both witnesses were positive and certain of their identification. We think the issue was one of weight rather than admissibility and we cannot say the trial court should have suppressed the identifications in the courtroom.

■ Finally, appellant argues that there is a lack of substan-

tial evidence to support the conviction. That argument must fail because of the testimony of the two witnesses to the crime itself, who said appellant was the man who committed the robbery. *Davis* v. *State*, 284 Ark. 557, 683 S.W.2d 926 (1985).

Affirmed.

PURTLE, J., not participating.