Dennis William HILL *v.* STATE of Arkansas

CR 93-213 862 S.W.2d 836

Supreme Court of Arkansas
Opinion delivered October 4, 1993

*George Steel, Jr.*, and *Henry C. Morris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. A confidential informant told law enforcement officers that appellant was manufacturing phenylacetone, a Schedule II controlled substance, at the residence of David and Shawna Smillie in Nevada County. Acting on that information, the officers executed an affidavit for a warrant to search the Smillie's residence. The magistrate issued the warrant. The officers searched the house and found appellant with the equipment and chemicals used to produce phenylacetone, commonly called P2P, which is the immediate precursor to amphetamine and methamphetamine. The stench of chemicals in the equipment was strong, and some of the phenylacetone and its by-products were still warm at the time of the search. Appellant was charged with "Manufacturing or Possessing With Intent to Manufacture or Deliver a Schedule II Controlled Substance," *see* Ark. Code Ann. § 5-64-401 (Supp. 1991), and with "Using or Possessing With Intent to Use Drug Paraphernalia", *see* Ark. Code Ann. § 5-64-403 (1987). The jury found appellant guilty of both charges, and the trial court entered judgments of conviction for both crimes. We reverse both judgments because of trial error and remand for a new trial on both charges.

Before trial, appellant filed a motion to suppress the evidence, and in the motion asked that the State be required to disclose the name of the confidential informant. The trial court denied the motion. In a subsequent oral motion the appellant's attorney stated that his defense would be entrapment, and, for purposes of that affirmative defense, it would be necessary for him to know the name of the confidential informant. The trial court again denied the motion to compel disclosure. At trial, after the

State's case-in-chief, appellant took the stand, and in his affirmative defense admitted that he had possessed the paraphernalia with the intent to manufacture a chemical and did, in fact, manufacture in excess of four hundred grams of the controlled substance. He then testified that the only reason he committed the crime was because Ronnie Prescott offered him $10,000.00 to manufacture an illegal chemical. He also testified that Prescott supplied the flasks, vessels, other necessary equipment, and the needed chemicals, and, in a one-hour course, showed him how to manufacture the desired chemical. Appellant admitted that he understood he was manufacturing an illegal chemical, but denied that he knew it was a Schedule II substance. He stated that he "never messed with it before and hadn't since, and won't ever again." He testified that he later learned that Prescott was working for the State as an informant, and that Prescott had entrapped him so that the State would reduce some criminal charges that were pending against Prescott. In sum, appellant testified that Prescott entrapped him in order to get some charges reduced and to stay out of the penitentiary. Other witnesses, including police officers, confirmed that Prescott was cooperating with the police during the material period, gave information in some other cases, and received consideration for his cooperation in a charge that was pending against him. After this proof, appellant's attorney moved for the trial court to compel the State to disclose whether Prescott was a confidential informer. The trial court refused to order the State to disclose whether Prescott was the confidential informant.

In an effort to prove his affirmative defense, appellant called a witness, Gary Creed, who testified that he had heard Ronnie Prescott tell appellant that he had a way for appellant to make some fast money. The State objected to the testimony, and the trial court sustained the objection on the basis of hearsay. Appellant assigns the ruling as error. The argument is well taken. A.R.E. Rule 801 (c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial. . . offered in evidence to prove the truth of the matter asserted." Here, appellant offered the testimony of the witness to show that the statement was made to entrap appellant. It was not offered to prove truth of the statement made by Prescott, that is, that he would have, in truth, paid appellant some fast money. Since the

statement was not made to prove the truth of the matter asserted and therefore was not hearsay, the ruling of the trial court was in error. In a similar case, *Spears* v. *State*, 264 Ark. 83, 568 S.W.2d 492 (1978), we said that any statement made by an undercover agent to the accused, which is indicative of the fact that the agent was using persuasion to induce a normally law abiding person to deliver controlled substances, was admissible, not to show the truth of the agent's statements, but to show that they were made and perhaps entrapped the accused. *See also Wilson* v. *State*, 261 Ark. 5, 545 S.W.2d 636 (1977). In another similar case, *United States* v. *Cantu*, 876 F.2d 1134, 1137 (5th Cir. 1989), the Fifth Circuit Court of Appeals held that the trial court committed reversible error in refusing to allow the defendant to testify, in support of his entrapment defense, that a paid confidential informant, who did not testify at trial, consistently pressured him to secure customers for the informant's illicit drug activities. The court held that the informant's statements were not hearsay because they were not offered to prove the truth of the matter asserted. The court wrote: "The statements were not offered as an assertion of fact, but, rather, as the fact of an assertion." *Id.* at 1137. Similarly, it has been written, "the words are offered, not for their truth, but merely to show the fact of their expression." 4 J. Weinstein & M. Berger, *Weinstein's Evidence* § 801(c)(01), at 801-93 (1993), quoting from Morgan, *A Suggested Classification of Utterances Admissible as Res Gestae*, 31 Yale L. J. 229, 233 (1922). The erroneous ruling in the case at bar was critical to appellant's affirmative defense and was prejudicial. Accordingly, we must reverse.

We address other points for the guidance of the trial court upon retrial of the case. During the cross-examination of defense witness Bailey, the prosecuting attorney asked if the witness had heard that appellant and his brother at another time and place had run an illicit drug laboratory. The witness responded that he had not heard such a statement. The prosecutor then asked the witness if he knew appellant and his brother "got caught" at such an operation. During cross-examination of another defense witness, Joe Thomas, a police official, the State was allowed to expand on the incident and was allowed to prove that the raid at which appellant "got caught" was a raid on the home of appellant's brother where drug paraphernalia and chemicals

were found and, as a result, charges were filed against appellant's brother. At the same time, the police found some traces of marijuana and amphetamine on appellant's wife and, as a result, charges were filed against her. Some type of charge was filed against the appellant as a result of the incident, but he was subsequently acquitted of the charge.

The trial court was faced with a situation in which appellant testified, as part of his affirmative defense, that he did not know how to manufacture drugs and had never done so either before or after his arrest. It would be a perversion of A.R.E. Rules 403 and 404(b) to hold that the State could not rebut this testimony, and we have so held. *McFadden* v. *State*, 290 Ark. 177, 717 S.W.2d 812 (1986). However, on retrial the State should not be allowed to introduce evidence of mere charges against appellant or other defense witnesses, and good faith on the part of the State should be required before the prosecutor is allowed to question appellant in any way about any incident of which he was acquitted.

Appellant contends that the trial court erred in refusing to compel the State to disclose the name of the confidential informer. The trial court obviously intended to give effect to the "informers' privilege." Under it, disclosure shall not be required of an informant's identity where his identity is a prosecution secret, and a failure to disclose will not infringe upon the constitutional rights of the defendant. *Roviaro* v. *United States*, 353 U.S. 53 (1957). "When the disclosure of the informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 61-62. In determining whether the privilege shall prevail, the trial court must balance the public interest in getting needed information against the individual's right to assert a defense. The trial court must consider the crime charged, the possible defenses, the significance of the informant's testimony, and any "other relevant factors." *Id.* at 61. The burden is upon the defendant to show that the informant's testimony is essential to his defense. *West* v. *State*, 255 Ark. 668, 501 S.W.2d 771 (1973). Here, appellant first asked that the name of the informant be ordered disclosed in his pre-trial motion to disclose identity. He offered no evidence to show that the informant was a participant in the search or how the

informant's testimony would have aided his defense. Thus, the ruling was correct at the time. *Treadway* v. *State*, 287 Ark. 441, 700 S.W.2d 364 (1985). Much the same can be said for his first motion made during the trial. Appellant simply did not show that the name of the informant, whoever he or she might be, was essential to a fair determination of his case. However, the facts that were to be weighed by the trial court changed considerably after appellant testified that he was entrapped by Ronnie Prescott, and after appellant elicited testimony from officers that Prescott was working as an informant for the police at all material times. After this proof, appellant moved that the State be compelled to disclose if Prescott was the informant in this particular case. The trial court refused to compel the State to disclose if Prescott was the informant in this case. This ruling was in error. In weighing the relevant factors at this point in the trial, it was now public information that Prescott was an informant. This information was no longer a prosecution secret. The State had no real interest in protecting the disclosure of Prescott's identity, and, if the State had been compelled to state whether Prescott was the informant in this case, it might have been a substantial factor in appellant's affirmative defense. In sum, the trial court's rulings regarding disclosure of whomever might have been the informant were correct. However, the ruling was in error when appellant's counsel limited the request to disclosure of whether Ronnie Prescott was the informant and it had already been shown that disclosure might be a substantial factor in his defense.

 Prior to trial, appellant filed a motion requesting the trial court to dismiss one of the charges because "to bring defendant to trial on both charges constitutes double jeopardy." During trial he orally made the same motion. Appellant now argues that the trial court erred in refusing to dismiss one of the charges because both convictions arose out of the same continuing course of conduct. He contends that his use of drug paraphernalia and manufacturing a controlled substance are one continuous offense that constitutes only one offense. The ruling of the trial court was eminently correct as the issue was presented.

Appellant argues that the trial court's ruling was in error because Ark. Code Ann. § 5-1-110(a)(5) (1987) provides that a defendant may not be convicted of more than one offense if the

defendant's conduct constituted an offense defined as a continuing course of conduct, and the defendant's course of conduct was uninterrupted. The argument overlooks basic elements of the statute. The statute begins, "When the same conduct of a defendant may establish the commission of more than one offense, *the defendant may be prosecuted for each such offense. He may not be convicted, however of more than one offense. . . .*" Ark. Code Ann. § 5-1-110(a) (1987) (emphasis added). We have repeatedly interpreted this statute to mean that a defendant may be prosecuted for more than one offense, but, under specified circumstances, a judgment of conviction may only be entered for one of the offenses. *Hickerson* v. *State*, 282 Ark. 217, 667 S.W.2d 654 (1984); *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981). Perhaps the best example of the way the statute is intended to work is in the case where a prosecutor is entitled to go to the jury and ask for conviction on the greater or the lesser offense, and the jury might find a defendant guilty of both the lesser included offense and the greater offense. Under the statute, the trial court should enter the judgment of conviction only for the greater conviction. The purpose of the statute in such a case is to allow a conviction of the lesser included offense when the accused is not convicted of the greater offense, but the trial court is clearly directed to allow prosecution on each charge. Section 5-1-110 of the Arkansas Code Annotated works in the very same way with a continuing offense. The original commentary to subsection (a)(5) provides that it "prohibits multiple *convictions* for an uninterrupted course of conduct that violates a statute defining a continuing offense." (Emphasis supplied.) The commentary then gives nonsupport or promoting prostitution as examples of continuing offenses. *See* 1988 Supp. Original Commentary to Ark. Code Ann. § 5-1-110 at 496.

Upon retrial, if appellant is again convicted on both charges, appellant will likely move to limit the judgment of conviction to one charge. Only at that time will the trial court be required to determine whether convictions can be entered in both cases.

Appellant makes other arguments that we do not address as they are either procedurally barred or else they are wholly without merit, and a discussion of them will not be of assistance to the trial court upon retrial.

Reversed and remanded.

HAYS, J., dissents.

BROWN, J., concurs.

ROBERT L. BROWN, Justice, concurring. I agree that this conviction must be reversed owing to the error in disallowing the testimony of Gary Creed relating to entrapment. However, I disagree that it was error for the circuit court to refuse to divulge the name of the confidential informant who gave information leading to the search warrant.

This is not your typical case where "informer's privilege" is involved. Here, appellant Hill testified that it was Ronnie Prescott, who entrapped him into manufacturing controlled substances by offering him $10,000 to do so. He further testified that he learned that Prescott was working for law enforcement as an informant because Prescott wanted to avoid criminal charges against him. Four law enforcement officers associated with the State Police or the Drug Task Force or the Federal Drug Enforcement Administration also testified at trial that Ronnie Prescott had been cooperating with them. Drug Enforcement Agent Wes Sossaman stated that this cooperation had gone on for nearly two years. He also testified that Prescott was not prosecuted on the charge of drug manufacturing relating to Dennis Hill.

With all of this testimony, it was clear that Prescott was cooperating with law enforcement. Hill, therefore, was not prejudiced or hampered in the slightest in making his case that law enforcement, utilizing Prescott, entrapped him. What the circuit judge did refuse to order was the release of the name of the confidential informant who provided information *relating to the search warrant*. That, however, was a separate matter and totally irrelevant to the defense of entrapment.

In short, Dennis Hill testified that Ronnie Prescott was cooperating with law enforcement and had entrapped him with an offer of $10,000 to manufacture drugs. Law enforcement confirmed the fact that Prescott was cooperating with them. And his defense counsel vigorously argued Prescott's cooperation with law enforcement and the defense of entrapment by a drug enforcement operative to the jury. I see no reason under these

facts to require law enforcement to furnish the name of the person who gave them part of the factual basis for the search warrant. Certainly, Hill has presented no persuasive reason as to how this information would enhance his entrapment defense or, otherwise, as to how his constitutional rights have been infringed upon by not having this information. Ark. R. Crim. P. 17.5(b).

In my judgment, it was not error for the circuit court to refuse to require confirmance of whether Ronnie Prescott was the informant for the search warrant.

STEELE HAYS, Justice, dissenting. I respectfully disagree with the Court's holding that the testimony by Gary Creed was not hearsay. The majority has chosen to read A.R.E. 801(c) narrowly so as to allow the statement as "corroboration" testimony. I believe the testimony was offered to prove that Prescott had actually made an offer of "fast money" to the appellant. The significance of the statement hinges on whether Prescott did in fact make such a proposition to the appellant, not simply whether Prescott had made a statement. Therefore, the testimony was plainly an attempt to prove the truth of the matter asserted; otherwise, the testimony would not be relevant to the defense of entrapment.

Further, I believe the trial judge properly refused to order the state to disclose whether Prescott was the confidential informant. The state still has an interest in protecting the precise relationship between the government and an individual even after the identity of the informant may have been discovered. *United States* v. *Sharp*, 778 F.2d 1182 (6th Cir. 1985), *cert. denied*, 475 U.S. 1030. *See also, United States* v. *Paoli*, 603 F.2d 1029 (2nd Cir. 1979), *cert. denied*, 444 U.S. 926. In short, the appellant failed to adequately demonstrate at trial that disclosure of the identity of the informant was essential to his defense. In this context there was no abuse of discretion by the trial court and the judgment should be affirmed.