Travis HOLLINS *v.* STATE of Arkansas

CA CR 02-519                                        96 S.W.3d 755

Court of Appeals of Arkansas
Division IV
Opinion delivered January 29, 2003

*Timothy W. Bunch*, Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. After a jury found appellant, Travis M. Hollins, guilty of aggravated assault and four counts of second-degree unlawful discharge of a firearm from a vehicle, he was sentenced to a total of twenty years' imprisonment. On appeal, he first argues that, prior to trial, the trial court should have dismissed three of the four counts of unlawful discharge of a firearm because the four shots he fired from the vehicle were part of a continuing course of conduct and constituted only one offense. Second, he argues that, because he fired the four shots from his vehicle in self-defense, the jury should have been instructed on and allowed to consider the defense of justification with regard to those four counts. We affirm.

Prior to trial, appellant argued that the trial court should dismiss three of the four counts of unlawful discharge of a firearm from a vehicle. In support of his argument, he cited Ark. Code Ann. § 5-1-110(a)(5) (Repl. 1997), which provides that a person may not be convicted of more than one offense if "[t]he conduct constitutes an offense defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses." He argued that the four shots he fired constituted a continuous and uninterrupted course of conduct and thus constituted only one offense. In response, the State argued in part that appellant's motion was an attempt to seek a directed verdict in advance and thus procedurally inappropriate. The court denied the motion, stating that the issues could go to the jury "and then it can be a court decision whether or not some of them are double jeopardy. . . ." The issue, however, was never raised again.

The State then presented testimony establishing that, while appellant was driving a vehicle in circles in a parking lot and an

adjacent grassy area, he fired four shots with a pistol. In close proximity to the parking lot were basketball courts, a boxing gym, a playground, and a church. Other persons were present at these locations, including the victim of the aggravated assault, Herman Madison. During the shooting, Madison and a small child took cover behind Madison's truck. Two of the four shots hit the truck and the other two were unaccounted for. Appellant also testified and contended that he had fired shots at Madison in self-defense because Madison had approached him while holding a bat.

■ The trial court correctly refused to dismiss the charges prior to trial. While the subsection of the statute relied upon by appellant prohibits *conviction* of more than one offense in certain circumstances, "[w]hen the same conduct of a defendant may establish the commission of more than one (1) offense, the defendant may be *prosecuted* for each such offense." Ark. Code Ann. § 5-1-110(a) (Repl. 1997)(emphasis added). Quoting from this portion of the statute, the Arkansas Supreme Court has held that because it is not a violation of the prohibition against double jeopardy to charge and prosecute on multiple and overlapping charges, an appellant cannot raise any double-jeopardy challenge until he has actually been convicted of the offenses. *Brown v. State*, 347 Ark. 308, 316-17, 65 S.W.3d 394, 399-400 (2001). In *Brown*, the court held that a double-jeopardy motion made in the form of a directed-verdict motion was premature. Appellant's pretrial motion for dismissal of the charges was likewise premature, as the State could properly charge and prosecute appellant on multiple and overlapping charges. Following his conviction on the four counts, appellant never argued that three of the four counts should have been dismissed; consequently, the argument was not preserved for appellate review. *Id.* We affirm on this point.

Next, appellant argues that because he alleged that he was acting in self-defense when he fired the four shots from the vehicle, the jury should have been instructed on and allowed to consider the defense of justification as to the four counts of unlawful discharge of a firearm. We disagree.

■ Appellant was charged with and ultimately convicted of four counts of unlawful discharge of a firearm from a vehicle. "A person commits unlawful discharge of a firearm from a vehicle in the second degree if he recklessly discharges a firearm from a vehicle in a manner that creates a substantial risk of physical injury to another person or property damage to a home, residence, or other occupiable structure." Ark. Code Ann. § 5-74-107(b)(1) (Repl. 1997). Although a person may be justified in the use of physical force or deadly physical force under certain circumstances, see Ark. Code Ann. §§ 5-2-605 to -621 (Repl. 1997), when "he recklessly or negligently injures or creates a substantial risk of injury to a third party, the justification afforded . . . is unavailable in a prosecution for such recklessness or negligence toward the third party." Ark. Code Ann. § 5-2-614(b) (Repl. 1997). Consequently, appellant could not pose as a defense his argument that he was justified in creating a substantial risk of physical injury.

■ Appellant acknowledges in his brief that § 5-2-614(b) is controlling, but nevertheless contends that the statute, in its application here, leads to an unfair result. He does not, however, present this court with any argument or authority providing a means by which this court may disregard the statute's plain language, and we are not aware of any such controlling authority. Given this absence of any argument or authority, we affirm. *See Dixon v. State*, 260 Ark. 857, 862, 545 S.W.2d 606, 609 (1977)(holding that a claim of error unsupported by citation to authority or convincing argument will be considered on appeal only if it is apparent without further research that the argument is well taken).

Affirmed.

STROUD, C.J., and GRIFFEN, J., agree.