

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-736

DEVINN DESHAWN SHEPPARD
APPELLANT

V.

STATE OF ARKANSAS
APPELLEE

Opinion Delivered April 2, 2014

APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT,
SEVENTH DIVISION
[NO. 60CR-11-12]

HONORABLE BARRY SIMS, JUDGE

AFFIRMED

## ROBIN F. WYNNE, Judge

Devinn Deshawn Sheppard argues on appeal that adding additional punishment under Arkansas Code Annotated section 16-90-120 (Supp. 2013) for employing a firearm in the commission of his felony convictions for three counts of unlawful discharge of a firearm from a vehicle violates the Double Jeopardy Clause of both the United States and Arkansas Constitutions. Specifically, he argues that, "because the State is not required to prove any additional facts apart from the elements of Unlawful Discharge of a Firearm from a Vehicle in the Second Degree, the application of the Felony With a Firearm statute cannot survive the same elements test." Appellant's argument, however, is not preserved for our review, and we affirm.

In May 2013, appellant was tried and convicted by a jury of three counts of unlawful discharge of a firearm from a vehicle in the second degree (Class B felony), four counts of

criminal mischief in the first degree (Class C felony), criminal mischief in the first degree (Class A misdemeanor), violation of an order of protection (Class A misdemeanor), harassment (Class A misdemeanor), terroristic threatening in the first degree (Class D felony), and terroristic act (Class B felony); his sentences for unlawful discharge of a firearm from a vehicle and terroristic act were each enhanced by five years under Arkansas Code Annotated section 16-90-120.[1]  Relevant to this appeal, he was sentenced to five years' imprisonment on each count of unlawful discharge of a firearm from a vehicle, to run concurrently, and an additional five-year consecutive sentence of imprisonment on each count pursuant to Arkansas Code Annotated section 16-90-120.

Appellant raised his double-jeopardy argument in his motions for directed verdict, made at the close of the State's evidence in the guilt phase of the trial and renewed at the close of all evidence, and again during discussion of jury instructions.  The circuit court denied his motions.  The State argues that appellant's argument is not preserved for appellate review because it was raised to the circuit court prematurely, and we agree.  In *Brown v. State*, 347 Ark. 308, 317, 65 S.W.3d 394, 399–400 (2001), our supreme court wrote:

> We believe that raising the issue of double jeopardy in a motion for directed verdict was premature since the motion at that stage of the proceedings could only relate to charged offenses. After the jury's verdicts on the various convictions were returned, Brown failed to make any motion whatsoever. Brown's issue on appeal clearly relates

---

[1]Arkansas Code Annotated section 16-90-120(a) provides:

Any person convicted of any offense that is classified by the laws of this state as a felony who employed any firearm of any character as a means of committing or escaping from the felony, in the discretion of the sentencing court, may be subjected to an additional period of confinement in the state penitentiary for a period not to exceed fifteen (15) years.

to multiple *convictions* for the same conduct and not to multiple *charges* for the same conduct, and our Criminal Code makes this distinction very clear:

> When the same conduct of the defendant may establish the commission of more than one (1) offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one (1) offense.

Ark. Code Ann. § 5-1-110(a)(1) (Repl. 1997). Thus, a defendant cannot object to a double jeopardy violation until he has actually been convicted of the multiple offenses, because it is not a violation of double jeopardy under § 5-1-110(a)(1) for the State to charge and prosecute on multiple and overlapping charges. It was only after the jury returned guilty verdicts on both offenses that the circuit court would be required to determine whether convictions could be entered as to both based on the same conduct. *See* Ark. Code Ann. § 5-1-110(a)(1) (Repl. 1997); *Hill v. State*, 314 Ark. 275, 862 S.W.2d 836 (1993) (citing *Hickerson v. State*, 282 Ark. 217, 667 S.W.2d 654 (1984); *Swaite v. State*, 272 Ark. 128, 612 S.W.2d 307 (1981)).

> Because Brown moved for a directed verdict based on double jeopardy before he was convicted of any offense, his motion was ineffective. Because he then failed to object after the jury convicted him of both charges, he waived his double jeopardy argument for purposes of appeal. We conclude that the circuit court committed no error as to double jeopardy, and we affirm the court on this point.

Thus, it is clear that appellant failed to preserve his double-jeopardy argument for appellate review because he failed to raise this argument after the jury had returned its guilty verdicts.[2]

*See also Hollins v. State*, 80 Ark. App. 342, 96 S.W.3d 755 (2003) (holding that the appellant's argument that the trial court should have dismissed three of the four counts of unlawful discharge of a firearm from a vehicle because they were part of a continuing course of conduct, which was raised before trial but not after his conviction on the four counts, was premature and was not preserved for appellate review); *Scott v. State*, 2011 Ark. App. 296

---

[2]Appellant notes that Brown limited his double-jeopardy argument to the offenses as charged but was convicted of a lesser-included offense, which he failed to address in his motions for directed verdict. We do not believe that point is relevant for our purposes because it was not a basis for our supreme court's holding.

SLIP OPINION

(holding that because appellants had not made their double-jeopardy argument after they were actually convicted of both charges, they waived it on appeal).

In his reply brief, appellant argues that the trial court "tacitly elicited" his double-jeopardy argument prior to the convictions. He cites *Lee v. State*, in which this court held that *Brown* did not bar Lee's double-jeopardy argument on appeal based on the following:

> Lee's double-jeopardy argument was made after the parties rested, after the jury was instructed, and during their deliberations. There was no question that the parties understood that this argument was directed to Lee's would-be conviction. At the beginning of the trial, Lee's counsel advised the trial court that he had a double-jeopardy argument, but stated that the court might prefer to hear it during sentencing. The prosecutor concurred, stating that the argument would not be ripe until the sentencing phase of the trial. But while the jury deliberated, the trial court requested that the parties present arguments on the double-jeopardy issue, stating, "go ahead and do that now so we will have that out of the way." Thus, the trial court understood that Lee's double-jeopardy argument was directed to his convictions, but required the parties to make the argument during the jury's deliberations. We hold that these facts are distinguishable from those in *Brown* and that *Brown* does not bar Lee's appeal.

*Lee v. State*, 2010 Ark. App. 224, at 3–4. In the present case, unlike *Lee*, the double-jeopardy argument was not made prematurely at the trial court's behest. Defense counsel raised the double-jeopardy argument during his motion for directed verdict at the close of the State's case and again at the renewal of the motion at the close of all evidence. Immediately after the court had denied the motion made on double-jeopardy grounds at the close of the State's case, the court mentioned that the argument had come up previously during informal discussion of jury instructions. Appellant then stated that he objected to the jury instructions regarding the enhancement on double-jeopardy grounds, and the court overruled the objection.

This case is much more similar to *Brown* and its progeny than to *Lee*. Appellant made his arguments prematurely and failed to raise them again following his convictions. Therefore, we hold that the double-jeopardy argument is not preserved for appellate review and affirm.

Affirmed.

GRUBER and WOOD, JJ., agree.

*Hancock Law Firm*, by: *Alex R. Burgos*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

SLIP OPINION