FLEENOR *v.* STATE OF INDIANA.

[No. 25,270.   Filed June 26, 1928.]

*Meade S. Hays* and *E. H. Graves*, for appellant.
*Arthur L. Gilliom*, Attorney-General, and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant is charged by affidavit, approved by the prosecuting attorney, with assault and battery with intent to murder. The issue, made by appellant's plea of not guilty, was tried by a jury, which resulted in a verdict of guilty. Judgment was rendered upon the verdict. Error is assigned upon the action of the court overruling appellant's motion for a new trial. The only error presented by the brief is based upon the action of the court overruling appellant's objection to two questions asked of two witnesses. Each of the questions was answered.

Appellant was charged with having committed the assault and battery in an attempt to murder one Otie Marie Creek, by shooting her with "a certain revolver." Appellant, in his defense, testified in his own behalf. During cross-examination by appellee, he was asked this question, "Let me ask you, whether or not you didn't about a year ago on First Street in the morning sometime before seven o'clock meet a girl by the name of Gladys Rutherford and ask her for a date." Answer, "I did not." The next question asked appellant on cross-examination by appellee was the question, "Let me ask you, if you didn't about two weeks before the time of this shooting on First Street near the factory before seven o'clock in the morning ask Anna Sullivan for a date." Answer, "I did not." Appellant did not object to these questions, or the answers. In rebuttal evidence, appellee asked Anna Sullivan, a witness called by the state, the question, "I will ask you, Anna, if about two weeks before the shooting which occurred on April fifth on First Street in Gas City near—at or about seven o'clock in the morning, as you were going to work at the Illinois Glass Company, if you met Nelson Fleenor." Answer, "Yes, sir." The next question was, "You may tell the jury, if at that time whether or not, Nelson Fleenor asked you to make a date with him or not." Objection by defendant "for the reason that the question isn't made an issue in this case, and the same question was asked the defendant on cross-examination by the state, which he denied, and it was only asked for the purpose of discrediting the witness before the jury and therefore any attempt to introduce testimony to either rebut or affirm such answer is incompetent." The court overruled appellant's objection, and the appellant excepted to the action of the court. The witness answered the question, "Yes he did; he asked me for a date." Appellee also called Gladys Rutherford as a witness for

the state in rebuttal and asked her the question, "I will ask you whether or not, on South First Street in the city of Gas City, during the time of your employment at the glass factory, about seven o'clock in the morning or near seven o'clock in the morning, if you saw Nelson Fleenor." Answer, "Yes, sir." The next question asked witness was, "Tell the jury whether he asked your for a date or not at that time." Appellant objected to the question for the same reason as that stated in the objection made to the question asked Anna Sullivan. The court overruled appellant's objection, and appellant excepted to the ruling of the court; and the witness answered, "Yes, sir."

Appellant in his brief makes the point that the appellee had the legal right to interrogate appellant on cross-examination concerning anything which tended to degrade him and to discredit his testimony before the jury, but that if such questions so asked were not material to the issue before the court and jury, but were for the purpose of affecting the credibility of the witness, appellee was bound by the answer of the witness.

The sole objection by the state to the point, is that the question is presented neither by the brief nor the record. It is shown by appellant's brief, and by the certificate of the trial judge to the bill of exceptions, that "all of the evidence of the defendant, Nelson Fleenor, is fully set out in the defendant's bill of exception No. 1 containing this evidence, together with all the objections, motions, and rulings of the court thereon; also all of the evidence of Anna Sullivan and Gladys Rutherford, witnesses called by the plaintiff in rebuttal." It also appears in the brief, and from the certificate of the judge, that none of the evidence on behalf of the appellee in support of the charge made is included in the bill of exceptions, and is not presented to the court. Based upon this condition of the record, appellee con-

tends that without all the evidence being in the bill of exceptions, no question can be considered as to the alleged error of the trial court in admitting the testimony of Anna Sullivan and Gladys Rutherford, whereby they contradicted the denial by appellant that he had ever asked either of them "for a date." Under this proposition the point is made that objections to the admission of certain items of evidence will be considered on review only when all of the evidence is in the record; and the further point that, the evidence, when considered as a whole, may be so overwhelming in support of a verdict of guilty as to cause the alleged errors to pale into insignificance; and that, where the verdict is clearly right on the evidence, apart from alleged inadmissible evidence, the judgment will not be reversed on account of such alleged inadmissible evidence; and the further proposition that unless it affirmatively appears that the bill of exceptions contains all the evidence given in the case by the three witnesses (appellant, Anna Sullivan, and Gladys Rutherford), no question based upon their evidence can be considered; under which proposition the point is made that, nowhere in the bill of exceptions does any statement appear that such bill contains all the evidence given in the cause by the appellant, Anna Sullivan, and Gladys Rutherford. The appellee cites many cases decided by this court to sustain its propositions under the points made. It is sufficient answer to appellee's propositions that, in the cases cited, the questions presented on appeal for review either questioned the sufficiency of the evidence to sustain the verdict of the jury or the finding of the court, or under the evidence, the verdict of the jury or the finding of the court was contrary to law.

The most serious point raised is that the evidence when introduced as a whole may be so overwhelming in

support of a verdict of guilty as to cause the alleged errors to pale into insignificance, and where a verdict is clearly right on the evidence, apart from alleged inadmissible evidence, the judgment will not be reversed. Although not stated, it is evident that appellee's point, as made by its first proposition, is based upon §334 of the Public Offenses Act (§2394 Burns 1926), which is:

"In consideration of the questions which are presented on appeal, the court shall not regard technical errors or defects, or exceptions to any decision or action of the trial court which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant."

The bill of exceptions presented in the transcript for this appeal is governed by §289 of the Public Offenses Act (§2332 Burns 1926) and particularly by the first sentence of that section, which is:

"The bill of exceptions must contain so much of the evidence as is necessary to present the questions of law upon which the exceptions were taken; but it shall not be necessary for the bill to contain all of the evidence given in the cause or proceeding, unless the decision of the court or verdict of the jury shall be called in question as being contrary to law or not sustained by sufficient evidence."

It is plain to be seen that these two sections of the Public Offenses Act are not in perfect harmony, as they are presented by appellee's brief. The well-known rule of statutory construction, that where two statutes are enacted by the General Assembly at the same session, they should be construed together, if possible, to avoid a repeal by implication by one act of any part of the other act; and a further rule that where two statutes may well stand together, and being related to the same subject-matter, one is in aid of the

other to the·extent that it is the duty of the courts, if possible, to construe them in *pari materia;* are applicable here. These rules apply with equal force to different sections of the same act of the General Assembly. It has been heretofore decided that under §334, *supra,* defects which amount to technical errors in criminal proceedings may be disregarded, where it appears from the whole record that the substantial rights of the defendant were not prejudiced by the alleged defects. In a case where the record of all the proceedings, the action of the court thereon, and the evidence, and the action of the court upon the objections raised in the presentation of the evidence, is before the court, this section of the act may be made to apply, because the court has before it the record of the proceedings and the evidence, and may weigh the alleged errors, if they are determined to be technical, or defects, to ascertain whether they did prejudice the substantial rights of the defendant, as against all the pleadings and proceedings of the trial court of the case.

At this time it is interesting to note that in the construction of §669 of the Civil Procedure Act (§694 Burns 1926), this court has decided that the only cases in which it is necessary to bring all the evidence which was given in the trial of the case to the court on appeal are those cases wherein the question presented on appeal is whether the evidence is sufficient to sustain the finding of the court or the verdict of the jury. *Jones* v. *Foley* (1889), 121 Ind. 180, 182, 22 N. E. 987. This section of the statute was passed by the General Assembly at its special session in 1881. It seems that the language used by the court is almost prophetic, and is the foundation for the intent of the legislature to enact §289, *supra,* by which it is provided that it shall not be necessary for the bill to contain all of the evidence given in the cause or proceeding, unless the decision of the

court or verdict of the jury shall be called in question as being contrary to law or not sustained by sufficient evidence. The two sections of the Public Offenses Act, to wit: §289 and §334, *supra,* are not repugnant to each other, and may be so construed in *pari materia* that each has full value.

That part of the evidence obtained by appellee upon cross-examination of appellant, as hereinbefore set out, was entirely collateral to the issue, and it appears neither from an examination of the evidence itself nor the briefs, that it had any particular relation to any material element of the offense charged. It does plainly appear however that the evidence was introduced for the purpose of discrediting appellant, or to lay a foundation to discredit him, by evidence which contradicted his answers. It cannot be said that the evidence is immaterial. It was considered material to appellee to sustain its case, otherwise there was no necessity for appellee to have asked the questions of appellant as set out. This matter was not brought out in the examination in chief of appellant in his own behalf. The questions and answers on cross-examination here objected to did not relate to any evidence in chief. It was new matter, and was considered material by appellee. The appellee was well within its rights in asking on cross-examination the questions of appellant hereinbefore referred to. This right was evidently recognized by the appellant, for no objection was made to the questions. The purpose may have been to degrade appellant, and by so doing to impair his credibility as a witness. But it is a well-settled rule that one who seeks to degrade a witness or impair his credibility as such, by answers to questions which are collateral to the issue on trial, is bound by the answers made to his questions, and may not contradict such answers by propounding the same questions to other witnesses who will, by their answers,

deny the answers gained upon such cross-examination. *Neal* v. *State* (1912), 178 Ind. 154, 98 N. E. 872; *Dunn* v. *State* (1904), 162 Ind. 174, 70 N. E. 521; *Hinkle* v. *State* (1901), 157 Ind. 237, 61 N. E. 196.

The decision of the court, overruling appellant's objections to the questions, is not supported by any rule of evidence, and each ruling therefore constituted error; from which it follows that the action of the court, overruling appellant's motion for a new trial, was erroneous. The cause is remanded with instructions to the trial court to sustain appellant's motion for a new trial.

Judgment reversed.

Gemmill, J., does not participate.