ROGERS *v*. STATE OF INDIANA

[No. 28,446. Filed November 12, 1948.]

540

*Rice and Cheatham,* both of Evansville, attorneys for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, and *Merl M. Wall,* Deputy Attorney General, all of Indianapolis, attorneys for appellee.

GILKISON, J.—In the trial court appellant was charged by an affidavit in three counts; No. 1 being for second degree burglary, No. 2 automobile banditry, and No. 3 habitual criminal.

We note that the motion to quash treats the affidavit as though it were composed of a single count instead of three. We cannot know to which count appellant intended the motion to apply. Presumably the trial court was in the same situation. In addition to this, in his "Propositions, Points and Authorities" appellant wholly omits to discuss in any way the ruling on the motion to quash. We find no error in the court's action in overruling the motion.

Appellant's application for a change of judge was sustained and a special judge was regularly appointed, qualified and served throughout the proceeding in the trial court. Our statute provides "that only one [1] change of venue from the judge and only one [1] change from the county shall be granted." § 9-1305 Burns' 1942 Replacement. It is further provided by statute that,

"When affidavits for change of venue are founded upon excitement or prejudice in the county against the defendant, the court, in all cases not

punishable by death, may, in its discretion, . . . grant a change of venue to the most convenient county. . . ." § 9-1305 Burns' 1942 Replacement.

It has been uniformly held by this court that under the above quoted statute it is within the sound discretion of the trial court whether a change of venue shall be granted from the county when the punishment for the crime charged is not death, and the action of the court will not be reversed on appeal unless there is an abuse of discretion. *Hinkle* v. *State* (1910), 174 Ind. 276, 278, 91 N. E. 1090; *Sammons* v. *State* (1935), 210 Ind. 40, 42, 43, 199 N. E. 555; *Hinshaw* v. *State* (1919), 188 Ind. 447, 457, 124 N. E. 458; *Leach* v. *State* (1911), 177 Ind. 234, 236, 97 N. E. 792.

No abuse of discretion by the trial court in denying the motion for change of venue from the county is shown.

Appellant complains of alleged error of the court in permitting counts 1 and 2 of the affidavit to be amended after plea and on the day of the trial. These counts of the affidavit as originally filed, omitting caption, signature and verification, are as follows:

"Count One—Second Degree Burglary

"State of Indiana, Vanderburgh County, ss:

"Ollie R. Weaver, being duly sworn upon his oath says that Kenneth Rogers, on or about the 4th day of March, 1945, at said County and State, as affiant verily believes, did then and there unlawfully, feloniously and burglariously break and enter into Cotton Schaefer's Tavern, 500 Court St., Evansville, Vanderburgh County, Indiana, with the intent to commit a felony, and did then and there in said Cotton Schaefer's Tavern unlawfully and feloniously attempt to and did commit a felony, to-wit: did then and there unlawfully and felon-

iously take, steal and carry away personal goods and chattels of Cotton Schaefer's Tavern to-wit: A safe, then and there being contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana."

"Count Two—Automobile Banditry

"State of Indiana, Vanderburgh County, ss:

"Ollie R. Weaver, being duly sworn upon his oath says that Kenneth Rogers, on or about the 4th day of March, 1945, at said County and State, as affiant verily believes, did then and there unlawfully and feloniously rob, take, steal and carry away personal goods and chattels of Cotton Schaefer's Tavern, to-wit: A safe, and the said Kenneth Rogers at said time and place had at or near the premises where said burglary was committed by him an automobile by the use of which he intended to escape and did escape, then and there being contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The amendment made changed the dates in counts 1 and 2 from March 4, 1945, to March 4, 1946, and struck out the word "rob" from count 2.

Prior to plea the affidavit may be amended in matter of substance or form at any time, and no amendment shall cause any delay of the trial, unless for good cause shown. § 9-1124 Burns' 1942 Replacement. *Way* v. *State* (1946), 224 Ind. 280, 285, 66 N. E. 2d 608, and cases cited. The affidavit may be amended at any time before, during or after the trial in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of the defendant or defendants or of the crime sought to be charged. § 9-1133 Burns' 1942 Repl. *Way* v. *State, supra,* page 286, and cases cited. It is apparent that the amendments made were for the purpose of correcting defects in form only. No change was made

in the name or identity of the defendant, or of the crimes sought to be charged. No motion or request for a continuance of the trial because of surprise occasioned by the amendments of the affidavit was made by the defendant. We find no error in permitting the amendments of the affidavit.

Appellant seeks to bring before this court his oral complaints made to the trial court prior to the date of his trial, that since he was last apprehended and placed in jail to await trial he was treated with unusual rigor, making it difficult for him to prepare for trial. The evidence concerning this matter shows that after he was first arrested on these charges he twice escaped from the Vanderburgh County jail and remained at large for quite a period. Since it was the imperative duty of the sheriff of the county to keep the defendant safely incarcerated, in default of bond, and to produce him for trial on the trial date, we do not think defendant is in a position to complain of any reasonable precaution the sheriff may have taken to prevent him from again breaking jail. That these precautions resulted in inconvenience to defendant is chargeable directly to his own misconduct. We do not find that appellant was denied any of his fundamental rights by the precaution so taken by the sheriff.

In the matter of the charge of being a habitual criminal, the jury returned two verdicts, which omitting caption and signature are as follows:

(1) "We, the jury, further find that the said Kenneth Rogers, on or about the 24th day of April, 1928, was convicted of a felony in the Vanderburgh Circuit Court, of Vanderburgh County, Indiana, being the crime of vehicle taking and was sentenced to the Indiana State Reformatory at Pendleton, Indiana, a penal institution, for a term of not less than one year and not more than ten

years, and that in pursuance of said sentence, the defendant was imprisoned in said Indiana State Reformatory; and that the said Kenneth Rogers on the 24th day of May, 1932, was convicted of a felony in the Vanderburgh Circuit Court of Vanderburgh County, Indiana, being the crime of robbery and was sentenced to the Indiana State Reformatory at Pendleton, Indiana, a penal institution, for a period of ten years, and that in pursuance to said sentence, the defendant was imprisoned in said Indiana State Reformatory."

(2) "We, the jury, find the defendant not guilty of being an Habitual Criminal."

Of course, the two verdicts are contradictory. The first has in it the finding of historical facts essential to constitute the status of habitual criminal as defined by §§ 9-2207, 9-2208, Burns' 1942 Replacement. *Metzger* v. *State* (1938), 214 Ind. 113, 118, 13 N. E. 2d 519; *Goodman* v. *Kunkle* (1934), 72 F. 2d 334, 336; *Barr* v. *State* (1933), 205 Ind. 481, 485, 187 N. E. 259; *Sammons* v. *State, supra,* p. 44.

The second verdict apparently contradicting the first is wholly superfluous. It was proper for the court to treat it as surplusage, and to render the judgment provided by law (§ 9-2208 Burns' 1942 Replacement) on the first verdict. *Moore* v. *State* (1947), 225 Ind. 357, 75 N. E. 2d 193; *Mahok* v. *State* (1931), 202 Ind. 473, 475, 174 N. E. 281; *Todd* v. *State,* ante, p. 496, 81 N. E. 2d 530, 532. § 9-1821 Burns' 1942 Replacement.

Judgment affirmed.

NOTE.—Reported in 82 N. E. 2d 89.