**Willie LOBBLEY, Appellant (Defendant below),**

**v.**

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 783S265.**

Supreme Court of Indiana.

Nov. 19, 1984.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Phillip B. Rarick, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Willie Lobbley, was convicted by a jury of criminal confinement, Ind.Code § 35–42–3–3 (Burns 1984 Supp.), a Class B felony. He was sentenced to a term of imprisonment of fifteen years. The sole issue raised in this direct appeal is whether the evidence was sufficient to sustain the conviction.

On review, we will neither reweigh the evidence nor judge the credibility of the witnesses. *Garland v. State*, (1983) Ind., 444 N.E.2d 1180, 1182. We will look only to the evidence most favorable to the state and will affirm if there is substantial evidence of probative value to support the conclusion of the trier of fact. *Id.*

A summary of the facts from the record reveals that the defendant and the victim met in a tavern where she declined an invitation to dance with him. Later, as the victim was driving home, the defendant sped by her and then blocked her car with his.

The victim testified that the defendant threatened her with a gun and forced her into the passenger seat. He drove into a park where she jumped from the car and ran. The defendant fired at her and missed, but she stopped and lay on the ground in fear of being shot. The victim testified that the defendant forced her back into the car. The episode continued with the defendant forcing the victim to remain with him in the car by choking or grabbing her whenever she tried to leave. She struck him in frustration. He dragged her by her feet across the parking lot. She testified that he then took her against her

will to another park where she tried to escape but stopped when he pointed the gun at her. She finally escaped when the police arrived.

The defendant argues that the victim's testimony is inherently unbelievable. As evidence that she was not with him against her will, he points to her failure to try to escape at certain times logical to him.

We do not agree that the testimony was inherently unbelievable. The victim's credibility was determined by the jury and we cannot say a reasonable person could not believe her testimony that she was confined. *See, Dotson v. State*, (1984) Ind., 463 N.E.2d 266, 268.

The defendant also recalls the victim's testimony that she struck him during their encounter and that, at one point, she demanded and received from him the return of her pants. The defendant argues that it is unbelievable that the victim would act so aggressively toward him if she were held against her will.

We do not see the logic in this argument. The victim's fear is not necessarily an element of confinement, and we cannot say a reasonable person could not believe she was confined by the defendant. *Id.* The defendant is again raising the issue of the victim's credibility which we will not address on review. *Id.* Her testimony proved beyond a reasonable doubt that the defendant confined her.

Furthermore, hers was not the only state's evidence. The arresting police officer testified that when he approached the pair in the park, the victim emerged from the car in hysterics, and she was bruised and scraped. The defendant's gun was also found where the victim said he had placed it.

For all the foregoing reasons, there was no trial court error, and the conviction should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.