**Randal J. REMSEN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 584S185PS.**

Supreme Court of Indiana.

July 18, 1986.

Randal J. Remsen, pro se.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of a petition for post-conviction relief. Appellant was convicted of rape, a class A felony, I.C. § 35–42–4–1 (Burns 1979 Repl.). A jury tried the case. He received a thirty five year sentence. On direct appeal, this Court affirmed the trial court's judgment in *Remsen v. State* (1981), Ind., 428 N.E.2d 241. Appellant represented himself in the post-conviction hearing and in this appeal.

Appellant presents argument on appeal regarding the following rulings and actions of the post-conviction court:

1. Adopting findings and conclusions drafted by the prosecutor.
2. Raising the sufficiency of evidence question *sua sponte.*
3. Denying a change of judge.
4. Approving an alibi instruction given at trial.
5. Approving conduct of the prosecutor in speaking to witnesses as they en-

tered the courtroom to testify at the post-conviction hearing.

6. Approving the former arraignment without counsel.
7. Approving the assistance provided by counsel at trial and on appeal.
8. Failing to find newly discovered evidence regarding the victim's identification.
9. Finding the claim of prejudicial pretrial publicity waived on direct appeal.
10. Concluding that a preliminary hearing had not been wrongfully denied.
11. Failing to reach a claim of prosecutorial misconduct.

In post conviction proceedings Defendant bears the burden of proving his contentions by a preponderance of the evidence. *Lamb v. State* (1975), 263 Ind. 137, 143, 325 N.E.2d 180, 183. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Rufer v. State* (1980), [274 Ind. 643], 413 N.E.2d 880, 882. Defendant stands in the position of one appealing from a negative judgment. In such cases, it is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law. *Walker v. State* (1978), 267 Ind. 649, 651, 372 N.E.2d 739, 740.

*Popplewell v. State* (1981), Ind., 428 N.E.2d 15.

I

■ Appellant contends that the prosecution drafted the post-conviction court's ruling denying post-conviction relief. Appellant draws his basic premise from the statement in the findings of fact and conclusions of law wherein the court concludes that the petition "ought" to be denied. The use of this language does not signify a suggestion by the prosecutor, but is instead commonly used by judges to express the result of their final evaluative steps.

Moreover, a court can, within its discretion, require the parties to draft proposed findings of fact and conclusions of law, and a court can adopt one or the other as the basis for its judgment if it so finds. Ind. Rules of Procedure, Trial Rule 52(C).

## II

■ Appellant complains about the conduct of the prosecutor in bringing up the issue of the sufficiency of evidence, claiming that the purpose of doing so was to create a state of chaos. Such issue is present at every post-conviction hearing, and is thus appropriate for comment and argument by either party.

## III

Appellant argues that the post-conviction court erred in denying his motion for change of judge. Ind.R.P.C.R. 1 § 4(b) states:

Change of Venue from the judge shall be granted when the petitioner files, within ten [10] days of the filing of his petition, an affidavit that the judge has a personal bias or prejudice against petitioner. The affidavit shall state the facts and the reasons for the belief that such bias exists, . . .

■ The allegations of the motion are not made under oath or with affirmation as required. In addition, they are abstract and not factual. Consequently, the denial of the motion for change of venue was not error.

## IV

Appellant argues that the trial court misinformed the jury as to the legal effect of alibi evidence. Specifically, he claims that final instruction No. # 5 destroyed the presumption of innocence and shifted the burden of proof to him on an essential element of the offense.

■ Final instruction No. # 5 is set forth here:

The defendant has asserted the defense of alibi. Evidence has been presented that at the time of the commission of the crime charged in the information, the defendant was at a different place so remote or distant that such circumstances existed, that he could not have committed the crime. If you have a reasonable doubt as to whether the defendant was present at the time and place the crime was committed, you should find the defendant not guilty.

This instruction does not relieve the prosecution of the burden of proving that the defendant was present at the time and place of the crime, and in this regard is unlike the one pointed out in appellant's brief from *Waters v. People* (1898), 172 Ill. 367, 50 N.E. 148. The last sentence of the present instruction operates so as to keep that burden on the prosecution. The post-conviction court was not in error in rejecting this claim.

## V

Appellant argued that the prosecutor's actions in calling witnesses into the court-room constituted prosecutorial misconduct. He alleges that the prosecutor told the witnesses what was occurring in the court-room. There is no support for the factual predicate. Consequently, the post-conviction court's determination on this issue cannot be disturbed.

## VI

■ Appellant contends that he was denied the right to counsel at arraignment. The record of proceedings reflects that shortly after his arrest, appellant was taken before a trial court, advised of his rights, and advised of the charge pending against him. The court entered a plea of not guilty, without requesting a plea, and a week later appointed pauper defense counsel. No lawyer was representing appellant at the time of this court appearance. The proceeding was in the nature of an initial hearing provided for in I.C. § 35–33–7–5, the main purpose of which is to inform an arrestee of the status of proceedings against him and his right to counsel. Given this purpose, and the non-binding nature of the preliminary not guilty plea, we are

not persuaded that the absence of counsel at it would "derogate from the accused's right to a fair trial". *United States v. Wade* (1967), 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. The finding of the post-conviction court that appellant was provided counsel at all critical stages of the prosecution is fairly supported.

■ Assuming for the purposes of argument that appellant's right to counsel was not scrupulously observed at the time of this initial appearance, we would find such denial harmless beyond a reasonable doubt and thus not grounds for post-conviction relief. *Coleman v. Alabama* (1970), 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387. There is no inference to be drawn that the prosecution benefited from such assumed denial, or took advantage of it in any manner.

## VII

Appellant alleges that he was denied effective assistance of counsel.

These guidelines are to be followed when reviewing ineffective assistance claims.

"The proper standard for attorney performance is that of reasonably effective assistance. * * * Judicial scrutiny of counsel's performance must be highly deferential. * * * * * the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. * * * A * * * claim * * * has two components. First the defendant must show that counsel's performance was deficient. * * * Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington* (1984), [466] U.S. [668], 104 S.Ct. 2052, 2064, 2065, 80 L.Ed.2d 674.

*Price v. State* (1985), Ind., 482 N.E.2d 719.

The post-conviction court found that appellant was adequately represented by counsel.

Appellant alleges that counsel was deficient in not pursuing his alleged right to a preliminary hearing, that counsel was defi-

cient in not raising the arraignment without counsel issue, and that counsel was deficient in not objecting on the basis of the motion in limine to the admission of certain evidence at trial.

Appellant's first two allegations have been resolved against him in issues VI and X. Counsel's actions were not deficient.

■ Appellant's third allegation is not well taken. Although counsel did not object to the testimony mentioning Julie Reece, the eyewitness, four year old niece of the victim, counsel's action was within the realm of sound trial strategy in that repeated objections would have merely called attention to the child's tender age and presence at the crime scene. Moreover, repeated objections may have led the jury, in its ignorance, to wonder why an eyewitness did not testify.

## VIII

■ Appellant argues that he established the existence of newly discovered evidence. In order to prevail on a newly discovered evidence claim, appellant must show:

(1) That the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon retrial of the case; and (9) that it will probably produce a different result.

*Smith v. State* (1982), Ind., 429 N.E.2d 956.

At the post-conviction hearing, appellant attempted to show through the testimony of several witnesses, including the victim and police officers, that the identification of him as the perpetrator of the offense was the result of a conspiracy between the victim, the police and the prosecutor. Appellant did not elicit any evidence of conspiracy from the witnesses; consequently, the post-conviction court did not err in find-

ing that newly discovered evidence did not exist.

## IX

 Appellant argues that pre-trial publicity prejudiced his right to a fair trial. A description of several newspaper articles that might have influenced jurors is provided in support. However no justification is offered for the failure to raise this issue before, at, or after the trial on the charge or on direct appeal of the conviction. The judgment of conviction is presumptively valid following affirmance on direct appeal, and the availability of direct claims such as this one in post-conviction cases, which were not previously raised at trial or on appeal, must be litigated. *Dickson v. State* (1976), 265 Ind. 325, 354 N.E.2d 157. *Engle v. Isaac* (1982), 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783. Consequently this challenge to the refusal of the post-conviction court to reach the issue is not sustained.

## X

 The post-conviction court concluded that the trial court in which the initial charge was made was under no duty to conduct a preliminary hearing as urged by appellant in his petition. Appellant argues that this was error in light of the requirement of a preliminary hearing in I.C. § 35-4-1-1 (now repealed). The post-conviction court was technically correct, in that this statute applied in situations where the alternative procedure of filing a preliminary charge was being followed. I.C. § 35-1-8-1 (now repealed), also referred to in the argument, applied where no formal charge had yet been filed by the prosecuting attorney. Neither situation obtained in appellant's case. He was charged outright in a court having felony jurisdiction. However, assuming arguendo that appellant was denied a pre-trial hearing, required by statute, we would undoubtedly hold that such denial here was harmless. There is no inference suggested on this record that the prosecution benefited in any manner from the lack of such a hearing, and we are unable to discern any prejudice from such assumed denial to appellant's substantial rights.

## XI

Appellant argues that the State violated the Motion in Limine by eliciting statements from witnesses concerning the victim's four year old niece.

 The function of a motion in limine is not to obtain a final ruling upon the admissibility of evidence. *Akins v. State* (1981), Ind., 429 N.E.2d 232, 237. Harmful error, if any, occurs when the questioned evidence is admitted at trial, and if error in its admission is to be available for appellate review, a proper objection must be entered at the time it is offered. *Akins, supra; Young v. State* (1980), 274 Ind. 107, 409 N.E.2d 579.

 Here, there was no objection to the admission of evidence allegedly violating the motion in limine. Furthermore, no explanation is offered as to why the issue was not raised on direct appeal. Consequently, consideration of this issue was foreclosed.

The judgment is affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.