Phillip HUBBARD, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 71S00–8602–CR–196.

Supreme Court of Indiana.

Nov. 19, 1987.

Michael A. Dvorak, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Following a jury trial, defendant Phillip Hubbard was convicted of robbery, a class A felony. In this direct appeal, he contends that the trial court erred in various rulings regarding the admission and jury examination of certain exhibits, and that the evidence was insufficient to support the verdict.

Defendant first contends that the trial court erred by admitting into evidence State's Exhibits 4, 5, 12 (photographs taken at the residence of the robbery victim), 15, and 15A (an envelope and fingerprint card containing smudged fingerprints from the crime scene). He contends that the exhibits were not relevant.

▇▇▇ The admission of photographs is within the sound discretion of the trial court and the photographs are admissible if they depict an object or scene which a witness would be permitted to describe through testimony. *Stratton v. State* (1986), Ind., 499 N.E.2d 1123; *Askew v. State* (1982), Ind., 439 N.E.2d 1350, *later appeal,* (1986), Ind., 500 N.E.2d 1219. Photographs of a crime scene are generally admissible because they are competent and relevant aids by which a jury can orient itself to best understand the evidence presented. *Lowery v. State* (1985), Ind., 478 N.E.2d 1214, *cert. denied,* (1986), 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900; *Grimes v. State* (1983), Ind., 450 N.E.2d 512. The photographs here, exhibits 4, 5 and 12, depicted the scene of the crime and the condition of the residence immediately afterwards. They tended to corroborate the victim's version that her home had been broken into from the outside. The photographs depicted certain observations of the investigative officer and were relevant to aid the jury in understanding his testimony. We find no abuse of discretion.

Defendant next contends that the envelope and fingerprint card were irrelevant because they "did not possess sufficiently identifiable characteristics to use the prints for positive identification purposes." These exhibits were admitted during police testimony regarding the investigation of the crime.

▇▇▇ The trial court is accorded wide latitude in ruling on the relevancy of evidence. *Wallace v. State* (1985), Ind., 486 N.E.2d 445, *cert. denied,* (1986), — U.S. ——, 106 S.Ct. 3311, 92 L.Ed.2d 723. The trial court must evaluate the probative value of evidence in relation to its prejudicial impact. If the offered evidence is only marginally relevant, it is within the sound discretion of the trial court to determine its admissibility. *Id.*

▇▇▇ While these fingerprint exhibits had little probative value, we discern no prejudicial impact upon the defendant. Even if erroneously admitted, we find the error harmless.

Defendant next challenges the trial court's denial of his oral motion to pass an exhibit to the jury during his cross-examination of the investigating officer. The exhibit had been admitted during the officer's direct examination, but had not yet been given to the jurors for their examination.

When the defendant asked the court to present the exhibit to the jury and the State informed the court of its intention to

do so after the lunch recess, the trial court denied defendant's motion. Thereafter, the State passed the exhibit to the jury along with its other exhibits before the conclusion of its case-in-chief.

The trial court has broad discretion in determining the order of proof at trial, *Ingram v. State* (1981), Ind., 426 N.E.2d 18, *later proceeding*, (1987), Ind., 508 N.E.2d 805, and it has broad discretion in the control of trial proceedings. *Drake v. State* (1984), Ind., 467 N.E.2d 686. We find no abuse of discretion.

Defendant's final contention is that the evidence was insufficient to connect him with the crime. His fingerprints were found on a storm window which was removed during the intruder's entry into the victim's home. Previous to the crime, the victim had employed the defendant to shovel snow. However, the storm window from which the print was taken could not have been touched by the defendant at such times, because it was located behind a locked screened porch to which defendant did not then have access. Earlier during the day of the robbery, the defendant had stopped by the victim's home, ostensibly looking for work. When advised by the victim that she had no work for him, the defendant was permitted to come inside her home to use the phone and bathroom. Other evidence showed that the defendant had prior knowledge of the location of the shovel which was used to strike the 79-year-old victim.

We find that the evidence was sufficient to enable the jury to reasonably find the defendant guilty beyond a reasonable doubt.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.