Gary D. HILL, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8801–CR–37.

Supreme Court of Indiana.

Jan. 5, 1989.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Burglary, a Class C felony, and Theft, a Class D felony, for which he received concurrent sentences of five (5) and two (2) years, respectively. He also was found to be an habitual offender for which his burglary sentence was enhanced by thirty (30) years.

The facts are: Around 3:30 on the morning of August 30, 1986, Officer Steven Swarm of the Indianapolis Police Department was patrolling in the vicinity of 56th Street and Keystone Avenue. Shortly after receiving a radio report of a possible burglary, he observed appellant removing something light-colored from his hands while ducking behind a parked truck. When Officer Swarm pulled over to investigate, the subject advised him he had been going to the bathroom. Officer Swarm detained appellant and radioed for assistance.

After other officers arrived, Officer Swarm looked around the area near the truck and inside a sidewalk planter found a

crowbar, a flashlight, a pair of white socks pulled inside out, and a cloth money bag containing coins. Suspecting a burglary had just been committed, Officer Swarm checked around the immediate area. He noticed a laundromat with its glass rear door broken out; inside, vending and game machines had been broken open.

Appellant was advised of his *Miranda* rights, whereupon he stated to Officer Swarm he would not be able to convict him of burglary because he did not catch him inside the business. Shortly thereafter, Officer Swarm pointed out to another officer the possibility of broken glass from the laundromat floor adhering to appellant's shoes. They then heard the sound of appellant rubbing the soles of his shoes on the floor of the patrol car in which he was seated. The officers took appellant's shoes away from him; laboratory tests later revealed the presence of glass fragments in the soles of both shoes.

A canine unit was summoned to the scene. When the police dog was told to track from the broken door of the laundromat, he led his handler across the street and around to the side of the parked truck behind which appellant first had been seen; the dog then tried to go over to the patrol car where appellant was seated.

Dick Music, owner of the burglarized laundromat, was called and upon surveying his premises noted his office had been ransacked and three coin-operated machines broken into. Among the items scattered around the office were several cloth money bags marked "Merchants National Bank" as was the one recovered from the planter near the spot appellant had been apprehended.

█ Appellant contends the evidence was insufficient to support the jury's verdicts of guilty of burglary and theft. He argues that while ample evidence exists to show that someone burglarized the laundromat, there was not substantial evidence of probative value to prove that he was the perpetrator. He maintains that "aside from the biased testimony of the police officers, the evidence was totally circumstantial and does not logically infer [sic]

that he committed the crimes for which he was convicted, beyond a reasonable doubt." Appellant claims his "mere presence in the area where a crime had occurred was all that was shown, and that is not enough."

█ However, a burglary or theft conviction may be sustained by circumstantial evidence alone. *Jones v. State* (1985), Ind., 485 N.E.2d 627. In the case at bar, the circumstances, including appellant's suspicious conduct as observed by Officer Swarm, the close proximity of the socks, tools and money to appellant when detained, and appellant's remark when read his rights, clearly allow the trier of fact to infer appellant's identity as the burglar beyond a reasonable doubt. The jury could find that the socks answer appellant's question as to why none of his fingerprints were found in the laundromat. The evidence was sufficient to support the verdict.

Appellant contends the trial court erred in admitting into evidence his statement to the effect he could not be convicted of burglary. Appellant timely filed a motion in limine to exclude the statement. The statement included an assertion that he could not be convicted because he was not caught inside the building and that he had beaten charges stemming from a prior arrest for burglary.

The trial court granted appellant's motion as to the reference to the prior arrest but allowed into evidence the part asserting he could not be convicted in the instant case. Appellant argues his retort was more prejudicial than probative of any material issue; thus, it should have been excluded as irrelevant. He contends the ambiguous nature of his retort put him "into a perilous position in that he was forced to decide whether to testify or allow these ambiguous statements to be the subject of jury speculation."

A trial court is accorded wide latitude in determining the relevancy and thus the admissibility of evidence. *Hubbard v. State* (1987), Ind., 514 N.E.2d 1263. For the trial court to be given the opportunity to make a final ruling on admissibility, any allegedly inadmissible evidence must be objected to

at trial, even when it has been ruled upon previously in response to a motion in limine. *See Remsen v. State* (1986), Ind., 495 N.E.2d 184. Here, appellant has cited us to no objection made at trial, and we have discerned none in the record; thus, no error has been preserved for our review. *Id.* Admission of Officer Swarm's testimony relating appellant's retort was not error.

■ Appellant contends the trial court erred in admitting the testimony of Officer Larry Kesterson, whose dog tracked a scent from the laundromat to the spot where appellant was first detained. He argues the officer's opinion regarding whose scent the dog was allegedly following was necessarily speculative, because the dog could not be cross-examined, and that Officer Kesterson was not qualified to interpret reliably the dog's actions for the jury's consideration. Specifically, appellant raises the possibility that the dog was instead backtracking Officer Swarm's scent —from the point where he apprehended appellant back to the laundromat which had been burglarized.

Although evidence of the result of the use of a tracking dog is not admissible, *Brafford v. State* (1987), Ind., 516 N.E.2d 45, the evidence in this case is sufficient to support the jury's verdict without the improper evidence. We do not perceive that the jury would have been misled. The question of the speculative nature of such evidence was placed before the jury. *Gill v. State* (1984), Ind., 467 N.E.2d 724.

■ Appellant contends the trial court erred in denying his motion for continuance made the morning of the second day of trial and in denying his offer to prove that such a continuance was necessary to obtain evidence to "rebut surprise testimony." Officer Swarm gave a deposition prior to trial in which he stated he first noticed appellant while driving down 56th Street. At trial, he testified he had been driving through a business parking lot at an angle to 56th Street. Appellant's trial counsel reconnoitered this parking lot early on the morning of the second day of trial and, noticing two grassy islands with high curbs situated on the lot, concluded it was not

possible for Officer Swarm to have driven across the lot without taking his headlights off of appellant as he had testified at trial the day before.

While the changed testimony might have led to facts logically impeaching Officer Swarm's account of appellant's suspicious behavior, appellant's contention he was erroneously denied the continuance is nevertheless without merit. Although his motion for continuance was denied, appellant could have recross-examined Officer Swarm. Leading questions based upon extrinsic evidence may properly be used for impeachment purposes. *Fleenor v. State* (1928), 200 Ind. 165, 162 N.E. 234; Miller, *Indiana Evidence*, § 607.106. The trial court did not err in denying the motion for continuance.

■ Appellant contends the trial court committed fundamental error in entering judgment upon the jury's finding of appellant to be an habitual offender. After deliberations at the end of the habitual phase of the trial, the jury returned two (2) signed verdicts: one finding appellant to be, the other not to be, an habitual offender. He argues the trial court should have polled the jury, or required the jury to amend their verdict, yet he acknowledges "apparently neither trial counsel, prosecutor [n]or trial court judge was aware of the fact that both of the Verdict forms were signed by the foreman." Appellant maintains the trial record is unclear as to which verdict the jury intended; thus, his habitual enhancement should be set aside.

However, the record indicates the jury's verdict was returned in open court:

"VERDICT: 'We, the jury find the Defendant Gary D. Hill to be an Habitual Offender', signed, Richard Harding, Foreman. Defendant does not poll the Jury."

The record in this case shows this verdict to be the one submitted by the jury and accepted by the court. It is therefore a valid verdict. *Gilmore v. State* (1951), 229 Ind. 359, 98 N.E.2d 677.

Where the jury returned two verdicts on an habitual offender charge, the first con-

taining findings of historical facts essential to habitual status and the second finding the defendant not guilty of being an habitual offender, the apparently contradictory second verdict was held to be surplusage, with judgment properly rendered upon the first verdict. *Rogers v. State* (1948), 226 Ind. 539, 82 N.E.2d 89, *cert. denied,* 336 U.S. 940, 69 S.Ct. 743, 93 L.Ed. 1098 (1949).

It was appellant's responsibility to have the jury polled if he felt they might have reached a verdict inconsistent with that read in open court. *Smith v. State* (1965), 247 Ind. 126, 211 N.E.2d 186. The trial court did not err in rendering judgment upon the habitual offender finding.

The trial court is affirmed.

PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion in which SHEPARD, C.J. concurs.

DeBRULER, Justice, dissenting.

In this case the trial court over objection permitted the prosecution to present evidence that the dog tracked appellant's scent from the laundromat. In *Brafford v. State* (1987), Ind., 516 N.E.2d 45, this court reiterated the longstanding prohibition against the use of this type of evidence to convict:

> "It has long been held in Indiana that tracking dog or "bloodhound evidence" is not sufficiently reliable to be admitted into evidence."

In *Ruse v. State* (1917), 186 Ind. 237, 115 N.E. 778, Judge Spencer wrote for the court regarding this type evidence:

> ".. both reason and instinct condemn such evidence, and courts should be too jealous of the life and liberty of human beings to permit its reception in a criminal case as proof of guilt."

It flows *a fortiori* from this rule of evidence that no satisfactory foundation for the admission of bloodhound evidence can be made. The rule is based upon the unobtainability of scientific and other information which can furnish a satisfactory basis or reason for admitting such evidence. A scientist who is intimately acquainted with every detail of a grandiose scientific investigation has not necessarily reached a single conclusion worthy of being regarded as reliable. The objection raised at trial, while not completely in focus, was adequate and should have been sustained.

While the majority opinion now recognizes that tracking dog or "bloodhound evidence" is not sufficiently reliable to be admitted into evidence in a criminal case as proof of guilt, the majority apparently believes that wrongfully admitted evidence should simply be ignored so long as a sufficient amount of probative evidence remains to support the conviction.

I was still under the impression that Indiana adhered to the "harmless error" standard in determining whether the erroneous admission of evidence mandates a new trial. An appropriate harmless error analysis results in the conclusion that a new trial should be granted. The entire body of trial evidence was circumstantial. Appellant had no loot in his possession and the incriminating force of his statement to the effect that he could not be convicted because he was not caught inside the building is diminished by the possibility that it may have referred to other mischief going on in the neighborhood at a nearby church. The prosecution's case was substantially enhanced by the admission of testimony that a police dog tracked a scent from the laundromat directly to appellant. This was extremely prejudicial and in conjunction with the circumstantial nature of the prosecution's case, cannot be deemed harmless.

The case should be reversed and remanded for a new trial.

SHEPARD, C.J., concurs.