John Edward MASON, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 10S00–8711–CR–1079.

Supreme Court of Indiana.

June 15, 1989.

Jeffrey D. Stonebraker, Office of the Public Defender of Clark County, Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Confinement, a Class B felony, for which he received a sentence of ten (10) years, enhanced by ten (10) years by reason of aggravating circumstances; Battery, an included offense on the charge of Child Molesting, a Class B misdemeanor, for which he received one hundred eighty (180) days; and Resisting Law Enforcement, for which he received a sentence of one (1) year, the sentences to run concurrently.

The facts are: On the evening of August 21, 1986, the 14–year–old victim was walking home on the streets of Louisville, Kentucky when appellant drove up beside her and told her that her uncle had asked him to take her home. Although she did not know appellant, she got in his automobile, and when she realized he was not taking her home, she began to cry and asked him to take her home. However, he struck her and told her to shut up.

After stopping at a friend's house and driving around the city of Louisville, appellant crossed the state line into Indiana. He stopped for gasoline at Sellersburg where the victim was permitted to go into the station and buy a soft drink. He then drove to Clarksville and stopped at another friend's house and a liquor store where he purchased beer and a pint of vodka.

Sometime during the early morning of August 22, appellant parked his car on Riverside Drive in Clarksville. He attempted to force the victim to drink from the liquor bottle and placed his hand between her legs several times. At one point, the victim got out of the car but immediately got back in when appellant threatened to shoot her. (There is no other evidence that appellant had a firearm with him.) Appellant then removed a tire iron from the trunk of the car and threatened to beat the victim into a coma if she continued to cry.

At approximately 10:00 a.m., John Ringo heard cries as he drove by appellant's car. He got out to investigate, walked up to the driver's side of the car, saw appellant lying on top of the victim and heard the girl scream, "I want out, I want out, he's got a gun." Ringo then drove to the Clarksville Police Station where he reported the incident.

Police Chief Gary Hall and Detective Noble McCutcheon responded and drove to the site in an unmarked police car. Hall approached the driver's side of appellant's car, and McCutcheon approached the passenger's side. Both of them saw a tire iron in appellant's right hand. Hall ordered appellant to let go of the girl and get out of the car. Hall had to repeat his order several times before appellant obeyed. McCutcheon had to assist Hall twice in subduing appellant due to his constant screaming at the victim, his attempts to walk toward her, and his general refusal to cooperate.

Appellant claims the jury verdict of guilty of criminal confinement as a Class B felony was not supported by sufficient evidence. He claims that inasmuch as the testimony of the victim showed that she voluntarily got into his car, that when he stopped at a liquor store she was left alone in the car and did not escape, and that at a filling station she was permitted to go inside to buy a soft drink and did not com-

plain to the two attendants present, the jury should have found that the victim was voluntarily in his car and voluntarily remained so. He contends he thus could not be guilty of confinement.

He further argues that the evidence is insufficient to show that he attempted to use the tire iron in a manner which would demonstrate that he was using it as a deadly weapon, which was necessary for the jury to find that the confinement constituted a Class B felony. The fact that the victim voluntarily entered appellant's automobile and possibly could have escaped at later times does not preclude a conviction for criminal confinement. *Robinson v. State* (1987), Ind., 512 N.E.2d 855; *Lytle v. State* (1987), Ind., 503 N.E.2d 1222.

The fact that the victim was only fourteen years of age and in strange surroundings at the time any possible escape presented itself is evidence the jury could consider in determining appellant's guilt of confinement. *See Lobbley v. State* (1984), Ind., 470 N.E.2d 341. The fact remains that at the time appellant was detected first by Ringo and then by the police officers, he was obviously confining the victim to his automobile, holding her with his left hand while holding a tire iron in his right hand. When these facts are coupled with the testimony of the victim that when appellant obtained the tire iron from his trunk, he threatened to beat her into a coma with it if she did not quit crying, there is sufficient evidence from which the jury could find him guilty of confinement, a Class B felony.

■ Appellant claims the trial court abused its discretion by allowing the State to present evidence of his prior rape convictions in the state of Kentucky. However, this question was raised only in appellant's motion in limine which was overruled by the trial court. When the State offered the evidence of appellant's prior convictions, appellant not only did not object thereto, but in fact stipulated to the accuracy of such exhibits. Appellant also testified as to his prior convictions. The ruling on a motion in limine is not a final ruling on the admissibility of evidence; it thus is not assignable as error standing alone. *Bar-*

*nett v. State* (1988), Ind., 523 N.E.2d 430; *Remsen v. State* (1986), Ind., 495 N.E.2d 184.

To preserve error, it is necessary to properly object at the time the evidence is offered. *Id.* Failure to make such an objection constitutes a waiver of the issue for appellate review. *Id.* Appellant has presented no error to this Court for review on this subject.

■ Appellant claims the trial court erred in sentencing him without giving due regard to mitigating circumstances. Appellant lists as mitigating circumstances the facts that the victim voluntarily entered his car, that the victim had several opportunities to escape, that imprisonment would result in undue hardship to his three children, and that he has a history of alcohol abuse and had been drinking at the time of his arrest.

During the sentencing hearing, after correctly reciting the various aggravating circumstances upon which the court was relying to enhance appellant's sentence for confinement, which included the age of the victim and appellant's extensive criminal history, the trial judge stated that she had searched for mitigating circumstances in the report. She considered appellant's claim that his incarceration would be an undue hardship on his three children, but further investigation disclosed that appellant was not living with the children's mother and had never supported them. She thus stated that she could find no mitigating circumstances sufficient to override the aggravating circumstances.

In *Hammons v. State* (1986), Ind., 493 N.E.2d 1250, this Court stated that when a trial court uses mitigating circumstances it is required to set them forth. The use of mitigating circumstances is otherwise at the discretion of the sentencing court. We find no abuse of the trial court's discretion in the sentencing of appellant.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.