**Gilbert VELA, Appellant–Defendant**

**v.**

**STATE of Indiana, Appellee–Plaintiff**

**No. 20A03–9301–CR–009.**

Court of Appeals of Indiana,
Third District.

June 21, 1993.

Transfer Denied July 29, 1993.

R. Brent Zook Goshen, for appellant-defendant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

A jury convicted Vela of child molesting, a Class D felony, on evidence that he fondled a thirteen year old resident of the home for wayward boys where Vela was a staff member. The evidence sustains the verdict.

Vela presents two issues on appeal concerning the use of evidence at his trial

---

of other uncharged similar offenses. The evidence was admitted under the depraved sexual instinct rule, which our supreme court abolished in *Lannan v. State* (1992) Ind., 600 N.E.2d 1334. Vela's trial was conducted before *Lannan* was decided.

Vela made no objection when the evidence was introduced at trial. Any potential error was therefore waived. *Mason v. State* (1989) Ind., 539 N.E.2d 468.

 Vela also contends that he was denied effective assistance of counsel because his counsel did not object to this evidence. This argument is also unavailing. Had counsel objected, the objection would have been properly overruled under the state of the law prevailing at trial. Counsel is not guilty of providing ineffective assistance merely for failing to anticipate that some change in the law might occur. *See, e.g., McChristion v. State* (1987) Ind., 511 N.E.2d 297, 302.

There was no error.

Affirmed.

HOFFMAN and STATON, JJ., concur.