Perry L. HICKS, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 79A02–9304–CR–179.

Court of Appeals of Indiana,
Third District.

March 23, 1994.

Transfer Denied May 2, 1994.

STATON, Judge.

Perry Hicks appeals his convictions for confinement, a class C felony,[1] and child molesting, a class D felony.[2] He raises three issues for review, which we restate as follows:

I. Whether Hicks was denied the effective assistance of trial counsel.

II. Whether the trial court erroneously instructed the jury.

III. Whether the trial court failed to consider mitigating factors in determining Hicks' sentence.

The facts most favorable to the verdict reveal that in the early morning of August 29, 1992, Hicks transported thirteen year old B.L. to his home under the guise of babysitting his stepson. B.L. fell asleep on the couch, awaking a short time later to find that Hicks was on top of her and she was unable to move. Hicks then fondled B.L.'s breasts, attempted to unbutton her pants, and told her he wanted to perform oral sex on her. B.L. escaped and fled to a nearby fire station. Hicks was subsequently charged and convicted by jury of confinement and child molestation. At his sentencing hearing, the trial court merged the child molestation conviction into the confinement conviction, and Hicks received an eight year sentence. This appeal ensued.

I.

*Ineffective Assistance of Counsel*

▪ Hicks supports his ineffective assistance of counsel claim by alleging that his trial attorney: 1) failed to lay a proper foundation for the admission of evidence impeaching B.L.'s testimony; and 2) invited error prejudicial to Hicks' sentencing.

▪ When faced with a claim of ineffective assistance of counsel, we will reverse only after a defendant shows that counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced him as to deprive him of a fair trial. *Bellmore v. State* (1992),

Steven Knecht, Vonderheide & Knecht, P.C., Lafayette, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

1. IND.CODE 35–42–3–3 (1988).

2. IND.CODE 35–42–4–3(d) (1988).

Ind., 602 N.E.2d 111, 123 (citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674). It shall be strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Id.*

Hicks first argues that he was denied effective assistance of counsel because his attorney failed to elicit from B.L. sufficient foundational information for the admission of her prior inconsistent statement to the police. To support his argument, Hicks relies on our decision in *Ellyson v. State* (1992), Ind.App., 603 N.E.2d 1369.

In *Ellyson*, the court stated:

A fair trial is denied only when the conviction results from a breakdown in the adversarial process which renders the trial result unreliable. [citation omitted] To show that the trial result is unreliable, a defendant must show that, but for counsel's unprofessional errors, the result probably would have been different. [citations omitted]

*Id.* at 1374. After applying this test to the trial as a whole, the court determined that defense counsel's performance was sufficiently substandard to warrant reversal. At trial, defense counsel failed to lay the necessary foundation for admission of the victim's prior inconsistent statements, including a statement demonstrating that she may have been motivated by revenge to fabricate the rape charge. *Id.* at 1374, 1375, n. 4. He made no offer to prove what the statements, if admitted, would have been. *Id.* Moreover, he failed in his attempt to admit two rape kits tending to show that the victim did not have sexual intercourse on the evening in question. *Id.* at 1374. From this cumulative evidence, the court concluded that counsel's deficient performance rendered the trial result unreliable. *Id.*

The case at bar is clearly distinguishable. Hicks' attorney fully cross-examined B.L. regarding the substance of her prior inconsistent statement.[3] Although he failed in his attempt to admit B.L.'s police statement during the police officer's testimony, counsel's cross-examination of B.L. alerted the jury to any inconsistencies between her police statement and her trial testimony. Thus, in the context of the trial as a whole, we cannot conclude that counsel's failure to admit B.L.'s police statement changed its result.

Hicks next argues that his attorney was ineffective because he invited error by requesting that the child molestation conviction be merged into the confinement convic-

---

3. Specifically, Hicks' attorney cross-examined B.L. as follows:

Q: Now, you had [sic] told us here today that [Hicks] had unbuttoned two of the buttons on your jeans, is that right?
A: Yes.
Q: But, now you didn't tell the police that, right?
A: Yeah. I think I did. I'm pretty sure.
Q: Well, did you tell them that he had—do you remember giving a statement to the police?
A: I told them that he unbuttoned my pants and they asked me how many buttons I had and I said five.
Q: Okay. Well, you don't recall your having said that he tried to unbutton your pants, but your hands were there?
A: Well, he didn't get them all, my hands were there, he got two of them and he scratched my stomach.
Q: Well, the police officer asked you, was he able to get any of them unbuttoned and you said, no. Is that right?

A: I don't remember saying that.
Q: Well, do you want to take a look at the statement and see if that refreshes your recollection?
A: No.
Q: Well, I can show it to you if—where I'm reading from.
A: I don't understand that.
Q: I have no further questions.
Record, p. 109–110. Hicks' attorney again questioned B.L. regarding her police statement on recross-examination:
Q: Well, what I just showed you did say—was where the police officer asked you, was he able to get any of them unbuttoned—referring to your jeans, and you said, no. Right?
A: I don't remember.
Q: But that was—I mean that was what I just showed you, you know, what was written there, right?
A: Yeah.
Q: I have nothing further.
Record, p. 110–111.

tion, which in this unusual case was the greater felony. This argument is wholly without merit. Hicks' trial attorney properly requested merger in this case because Hicks' two convictions arose from the same criminal act.[4] It is well established that "where a person stands convicted of both a greater and lesser included offense, the greater conviction stands and the lesser should be vacated." *Jeffers v. State* (1992), Ind.App., 605 N.E.2d 196, 200. Hicks now claims his counsel was ineffective because he did not argue that Hicks' greater conviction should merge into his lesser one. He presents no authority to support this proposition. Just as trial counsel cannot be deemed ineffective for failing to anticipate that a change in the law might occur, *Vela v. State* (1993), Ind.App., 615 N.E.2d 913, 914, we conclude that counsel cannot be faulted for failing to make an argument unsupported by existing authority.

## II.

### Jury Instruction No. 5

■ Hicks challenges the following instruction which was given to the jury:

A person may be found guilty of the crime of child molesting or the crime of confinement upon the uncorroborated testimony of the victim alone if the jury finds that said testimony establishes the guilt of the defendant beyond a reasonable doubt.

Record, p. 65. At trial, Hicks objected to the instruction on the basis that it unduly emphasizes the testimony of one witness over the other evidence presented. The trial court overruled his objection.

■ This instruction is a correct statement of the law. *King v. State* (1992), Ind. App., 598 N.E.2d 589, 591. It has previously been approved in the child molestation context. *Mullins v. State* (1985), Ind.App., 486 N.E.2d 623. Although Hicks acknowledges that the instruction is well-supported by Indiana law, he invites this court to reject those cases. However, we believe *Mullins* is

a proper application of our supreme court's decision in *Lottie v. State* (1980), 273 Ind. 529, 406 N.E.2d 632, 636, *reh. denied.* Because the court of appeals is obliged to follow precedent established by the Indiana Supreme Court, *Patton v. State* (1987), Ind. App., 507 N.E.2d 624, 626, *reh. denied, trans. denied,* we decline Hicks' invitation.

## III.

### Sentencing

■ Finally, Hicks argues that the trial court erred in failing to consider mitigating factors in determining his sentence, and in failing to balance aggravating and mitigating factors. When faced with a challenge to the sentence imposed, we must keep in mind that the determination of sentence is wholly within the trial court's discretion, and we will reverse only upon a showing of manifest abuse of that discretion. *Letica v. State* (1991), Ind., 569 N.E.2d 952, 958.

■ The trial court has the discretion to determine whether a sentence will be enhanced or mitigated due to aggravating or mitigating factors. *Concepcion v. State* (1991), Ind., 567 N.E.2d 784, 790. Mitigating factors are not a mandatory consideration in sentencing. *Id.* Where the trial court finds aggravating or mitigating circumstances, it is required to state its reasons. The statement should include: an identification of the significant aggravating and mitigating circumstances, specific facts and reasons leading the court to find the existence of such circumstances and an articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence. *Slaton v. State* (1987), Ind., 510 N.E.2d 1343, 1351.

At his sentencing hearing, Hicks testified that his imprisonment would cause financial hardship to his wife and three biological children, a statutorily recognized mitigating factor. IND.CODE 35–38–1–7.1(c)(10) (Supp.

---

4. Although this principle has never been addressed in a child molestation case, this court has stated that to the extent that confinement is utilized only to effectuate a rape, it is necessarily included in the rape charge. *Griffin v. State* (1991), Ind.App., 583 N.E.2d 191, 194–195, *reh.*

*denied.* It is important to note that the rape in *Griffin* was the greater felony charged. *Id.* at 192. Hicks presents no authority, nor can we find any, applying this principle to the unusual facts before us, in which confinement is by statute a greater felony than child molestation.

1992). Following the hearing, the trial court made the following findings:

> The Court finds the following aggravating factors: A reduced sentence or a suspended sentence would depreciate the seriousness of the situation and would be inappropriate. Defendant has a significant criminal history and a history of probation violation. Defendant was on probation at the time of the instant offense.

> The Court finds there are no mitigating factors.

Record, p. 77–78.

We conclude that these findings constitute a sufficient statement of the trial court's considerations in determining Hicks' sentence. The record reveals that the trial court had before it evidence of both aggravating and mitigating factors. From this evidence the trial court found no mitigating factors; balancing was therefore not possible. Our standard of review requires only that the trial court consider the evidence and articulate its findings in determining the sentence, as it did in this case. We thus conclude that the trial court properly exercised its discretion.

Affirmed.

GARRARD, J., concurs in result.

CHEZEM, J., concurs.